Edward E. HYDE and Jannette Dean Sallinger, Petitioners,

v.

Judge J. W. HUTCHISON, Special District Court Judge In and For Oklahoma County, State of Oklahoma, Respondent.

No. A–16527.

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Mac Oyler, Oklahoma City, for petitioners.

Curtis P. Harris, Dist. Atty., W. Howard O'Bryan, Jr., Asst. Dist. Atty., for respondent.

BUSSEY, Presiding Judge:

This is an Original Proceeding in which Edward E. Hyde and Jannette Dean Sallinger have petitioned this Court to issue a Writ of Prohibition or in the alternative a Writ of Mandamus directed to Special District Judge J. W. Hutchison in and for Oklahoma County to prohibit the respondent from proceeding with the preliminary hearing on Case No. CRF–71–340, or in the alternative to mandamus the respondent to conduct the preliminary hearing pursuant to this Court's directions.

The petitioners' preliminary examination was conducted on March 10, 1971, wherein Officer Burns testified that he conducted a search of petitioner Hyde's apartment by authority of a search warrant. He was asked on cross examination if he had the original affidavit and search warrant in his possession. He replied that the original of the affidavit was filed in Judge Mills' records and the original or a copy of the search warrant was filed with the Bureau of Records at the Oklahoma City Police Department. The petitioner attempted to present a Motion to Suppress and to cross examine the officer concerning the issuance of the search warrant which was denied by the examining magistrate. The magistrate stated that he did not think the preliminary hearing was the proper place to go into a Motion to Suppress but granted the petitioner a continuance to enable the petitioner to seek guidelines from this Court.

The petitioners' first proposition asserts that the magistrate erred in refusing evidence of illegal search and seizure at the preliminary examination. We are of the opinion that this proposition is well

taken. It has long been the established rule of law of this state that a petitioner should raise an objection to illegally obtain evidence at the earliest opportunity and failure to timely raise the objection can constitute a waiver to the later objection to said evidence. Gragg v. State, 72 Okl.Cr. 189, 114 P.2d 491 (1941).

■ In the instant case the State argues that the Motion to Suppress was not timely filed prior to the preliminary examination. We are of the opinion that filing the Motion to Suppress prior to the preliminary hearing would be the better practice, however, failure to do so does not bar a defendant from raising the issue of illegal search and seizure at such time as a question of same developes during the preliminary examination. We further conclude that if the question of illegal search and seizure is raised at the preliminary examination, the examining magistrate not only has the authority but the duty to hear and rule on the Motion to Suppress. See Nicodemus v. District Court of Oklahoma County, Okl.Cr., 473 P.2d 312 (1970).

The next proposition contends that it is the duty of the officers to make the search warrant and affidavit for search warrant a public record. The arresting officer testified that the original affidavit was in Judge Mills' records and the original or a copy of the search warrant was on file with the Bureau of Records at the Oklahoma City Police Department. The petitioners argue that under the present policy in Oklahoma County that each of the twenty plus judges keep the affidavits and search warrants in their chambers and as such are not public records.

■ In the instant case there is no showing and the petitioners admit that they were not prejudiced, that they did not have access to the original affidavit and search warrant in that they did have copies of the same. We are of the opinion that the orderly administration of justice requires that the existing policy of each judge keeping his own files on search warrants or filing the originals with the Oklahoma City Police Department must be discontinued.

The final proposition alleges that the search warrant was not executed by a person to whom it was directed and the evidence should be excluded. The search warrant in the instant case was directed "to the sheriff or to any police officer *of* said county." (Emphasis supplied) The petitioners argue that the officer that served the warrant was an Oklahoma City Police Officer, not a police officer of Oklahoma County. We are of the opinion that the warrant is in substantially the form set out in Title 22 O.S.1961, § 1226, which provides: " * * * To any sheriff, constable, marshal or policeman *in* the county of ———." (Emphasis supplied) See Shiever v. State, 94 Okl.Cr. 37, 230 P. 2d 282 (1951). We, therefore, find this proposition to be without merit.

IT IS therefore the order of this Court that Special District Judge J. W. Hutchison is directed to entertain the petitioners' evidence and witness in support of their motion to suppress in Case No. CRF–71–340. It is the further order of this Court that the presiding judge of Oklahoma County initiate action to establish a central filing system for affidavits for search warrants and search warrants in the District Court Clerk's office and that henceforth all affidavits for search warrants and search warrants issued by the District Court of Oklahoma County shall be filed therein.

Writ granted.