**Mark E. STONE, Petitioner,**

v.

**The Honorable Garland H. HOPE, Special Judge of the District Court in and for Garfield County, State of Oklahoma, and the District Court of Garfield County, State of Oklahoma, Respondents.**

**No. A–16704.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

———◆———

Harold E. Singer, Enid, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendants in error.

BRETT, Judge.

This is an original proceeding for a writ of prohibition to direct Respondent to dismiss a criminal prosecution.

Petitioner was charged by Information in the District Court of Garfield County, Case No. CRF–71–262, with the crime of Possession of Marihuana. At the preliminary examination on April 21, 1971, the charge against Petitioner was dismissed. On the following day, the District Attorney presented evidence to a grand jury concerning the same offense and an Indictment charging Petitioner with Possession of Marihuana was returned and filed as Case No. CRF–71–348. The Indictment charges the same accused with the same offense at the same place and time as the dismissed Information. The Indictment was directed to the same magistrate who dismissed the Information and set for preliminary hearing. Petitioner made application to this Court and we assumed jurisdiction staying further proceedings.

The question presented is whether the judicial dismissal of an Information at preliminary examination has any effect in considering a grand jury Indictment charging the same defendant with the same offense.

■ In the courts of this State, a criminal prosecution is by Information or Indictment. Oklahoma Constitution, Article II, Section 17. Title 22 O.S.1961, Section 388. They are concurrent remedies. In re McNaught, 1 Okl.Cr. 528, 99 P. 241 (1909). An Information is filed by the prosecutor while an Indictment is brought by a grand jury. In the vast majority of instances, criminal prosecutions are by Information. It was observed in Blake v. State, 54 Okl.Cr. 62, 14 P.2d 240 (1932), that, "Where prosecuting officers are willing to act there is rarely any reason why this cumbersome [grand jury] proceeding should be invoked." Thus, the grand jury Indictment is a safeguard against a prosecutor's inaction; but it is not a means of judicial review.

■ Under our criminal procedure after the filing of an Information by the prosecutor the accused is entitled to a preliminary examination at which the examining magistrate may hold accused for trial on the charge or dismiss the prosecution. Although an Indictment is brought by a grand jury, it is nonetheless a criminal prosecution filed with the District Court Clerk. Prosecution by Indictment likewise entitles accused to a preliminary hearing. Title 22 O.S.1961, Section 524, provides in relevant part:

"Upon the return and filing of an indictment for a felony, * * * the defendant shall have a preliminary hearing thereon, before such designated Judge, as a magistrate, as though said charge had been originally filed by verified information, with such magistrate, and under the law applying to the institution and conduct of prosecutions by information filed by the State."

"* * *

"Upon application of the defendant or the State, after the filing of the copy of the indictment with the magistrate, as hereinabove provided, the Court may order the indictment filed with the Court Clerk dismissed, and any bond made in the case exonerated."

■ The examining magistrate's ruling on the sufficiency of the evidence at the preliminary examination is "final and binding." Nicodemus v. District Court, Okl. Cr., 473 P.2d 312 (1970). In particular, an examining magistrate not only has the authority but the duty to hear and rule on a Motion to Suppress at a preliminary examination. Hyde et al. v. Hutchison, Okl.Cr., 483 P.2d 766 (1971).

■ In Jones v. State, Okl.Cr., 481 P.2d 169 (1971), this Court held:

"When an examining magistrate rules that the evidence offered by the State is insufficient to hold the accused over for trial on the charge, such a ruling is binding and final on him and any other examining magistrate unless the State produces additional evidence or proves the existence of other good cause to justify a subsequent preliminary examination." 481 P.2d at 171.

"Furthermore, upon refiling a prosecution under these circumstances, the magistrate at the subsequent preliminary examination must be convinced that additional competent evidence has been offered which requires re-examination of the prior dismissal before that ruling can be set aside. The magistrate at a subsequent preliminary examination for the same defendant on the same charge should not consider the matter anew as on first impression as a prior dismissal is binding and final until overcome by additional evidence. 481 P.2d at 172.

"* * *

"A magistrate's dismissal at preliminary examination for lack of sufficient evidence to hold defendant for trial shall not be disturbed unless competent evidence additional to that offered at a prior preliminary provides a basis to hold the defendant for trial." 481 P.2d at 170.

See also: Harper v. District Court, Okl. Cr., 484 P.2d 891 (1971), to the same effect.

We are not persuaded by the State's argument that the *Jones* rule does not apply since the indictment is "not a product of the District Attorney's office." In considering the State's burden on a refiled prosecution, this is not a material distinction. However, in the instant case it appears the grand jury indictment was instigated by the District Attorney's office. As the Assistant District Attorney began his questioning of the first witness called regarding this case he asked:

"Q. Mr. Davis, you realize you are appearing before the grand jury at the request of the District Attorney's office, do you not?

"A. Yes, I do."

■ Thus, the prosecutor here was hardly a hapless bystander and was, in fact, the instigator in the refiling by indictment. By statute, a prosecutor directs a grand jury's inquiry. 22 O.S., Section 340. A prosecutor may not circumvent a valid and binding ruling of an examining magistrate or usurp a judicial function with the ruse that the indictment is not a product of the prosecutor. The burden of the State may not be so evaded. The thrust of our decisions in *Nicodemus, Jones, Hyde* and *Harper* is the recognition of the integrity and judicial nature of the rulings of the magistrate at preliminary examination. It is a critical stage of criminal procedure, Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, and may not be relegated to meaningless, futile gesture.

Although *Jones* and *Harper* both concerned a refiled prosecution by Information, the rule as to the refiling of a prosecution against the same defendant for the same offense applies with equal force to a prosecution refiled by Indictment as well

as one refiled by Information. That an Indictment is the product of a grand jury and not filed on the prosecutor's own motion does not negate the fact that it is a prosecution refiled in the same court against the same defendant for the same offense. The evils attending a refiled prosecution by Information likewise attend a prosecution refiled by Indictment.

As this Court observed in *Jones*, the refiling of a prosecution dismissed at preliminary without new evidence is "unnecessarily burdensome to our overcrowded courts" and "may constitute harassment of an accused." Thus, it is necessary that the State have additional evidence before refiling a prosecution by Information. Likewise, the State needs additional evidence, not presented at a prior preliminary, before it submits the same evidence to a grand jury. Such additional evidence must be proven in a subsequent preliminary or the indictment must be dismissed.

■ Evidence indicating a criminal offense may be considered by a grand jury after an Information charging such an offense has been dismissed at a preliminary examination; however, the previous dismissal should also be made known to the grand jury and the accused allowed to be heard. 22 O.S.1961, Section 335.

■ In any event, if an indictment is returned it must be subsequently examined at the preliminary examination in view of the rule set forth in Jones v. State, supra. The magistrate at the preliminary on the indictment charging a defendant with the same offense dismissed at a previous preliminary must find there is additional evidence or other good cause to justify overruling the prior dismissal. The magistrate at the subsequent preliminary must be convinced that additional competent evidence has been offered which requires re-examination of the prior dismissal before that ruling can be set aside. It is not a matter of first impression and the prior dismissal stands until overcome by additional evidence. The standard to be applied by the magistrate at a preliminary charging the defendant with the same offense dismissed at a previous preliminary is the same regardless of whether the subsequent preliminary is on a prosecution refiled by indictment or information. At the outset of such a preliminary the State has the burden to convince the examining magistrate that there is additional new evidence not presented and unavailable at the previous preliminary which requires re-examination of the dismissal.

It would be premature at this juncture for us to weigh the evidence or prohibit the magistrate from considering any new evidence the State may offer at the preliminary examination. Thus, we hold the magistrate is governed by the rule of Jones v. State, supra, concerning a refiled prosecution at the preliminary examination on the indictment.

Writ denied.

NIX, J., concurs.

BUSSEY, Presiding Judge (dissenting). For the reasons set forth in my dissent in Jones v. State, Okl.Cr., 481 P.2d 169, I must respectfully dissent to the conclusions of law reached in this opinion.