2004 OK CR 9

The STATE of Oklahoma, ex rel., W.A. Drew EDMONDSON, Attorney General, State of Oklahoma, Petitioner,

v.

The Honorable Tammy BASS–JONES, District Judge, Seventh Judicial District, Respondent.

No. PR–2003–1006.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 2004.

## ORDER DENYING RELIEF

¶ 1 Petitioner filed an application requesting this Court to assume jurisdiction and issue an extraordinary writ of prohibition in Oklahoma County District Court Case No. CF–2003–2026.

¶ 2 Petitioner argued Respondent's order granting a preliminary hearing to the defendants in the aforementioned District Court case is not supported by legal authority. Petitioner made such argument on the fact that the felony charges in the District Court case were brought by an Indictment issued by the Multi–County Grand Jury of Oklahoma, not upon the filing of an Information by the District Attorney. Thus, Petitioner claimed the defendants do not have a state constitutional right to receive a preliminary hearing because such right is conferred by statute, and the defendants did not comply with the statutory requirements, thereby forfeiting their right to a preliminary hearing.

¶ 3 This Court directed a Response from Respondent on November 18, 2003. Responses were filed on December 3, 2003. After a review of the pleadings filed in this case, 22 O.S.2001, § 524 and *Stone v. Hope*, 1971 OK CR 302, 488 P.2d 616, we find the statutory language is clear and unambiguous and specifically requires a written notice be filed in accordance with the statute prior to a defendant being eligible for a preliminary hearing on an indictment. A review of *Stone* and the jurisprudence set out

in the Petitioner's Reply Brief reveal the Court in *Stone* was not addressing the ten (10) day written notice requirement of the statute, but the judicial problem of that time regarding magistrate shopping in preliminary hearings. Therefore, the judge in this case should not have automatically set a preliminary hearing conference, or a preliminary hearing. The judge's authority to set a preliminary hearing on a grand jury indictment is based solely on the statutory authorization. Absent the filing of the written request for a preliminary hearing, the judge should set an indictment for trial. However, based on the judge's actions, and the failure of the State to object, we find the doctrine of estoppel applies. The defendant has now filed a written request for preliminary hearing, outside the ten (10) day period. The failure to timely file is attributable to the action of the judge and the failure of the State to object. As such, the petition for extraordinary relief is **DENIED**. The stay of proceedings previously entered by this Court is hereby **LIFTED**, and the preliminary hearing on the indictment may proceed.

¶4  **IT IS SO ORDERED.**

¶5  **Witness our hands and the Seal of this Court** the 12th day of February, 2004.

/s/  Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/  Steve Lile
STEVE LILE, Presiding Judge

/s/  Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/  Charles S. Chapel
CHARLES S. CHAPEL, Judge, concurs and dissents in part.

/s/  Reta M. Strubhar
RETA M. STRUBHAR, Judge, concurs in result only.

CHAPEL, J., Concurring in Part and Dissenting in Part.

¶1  I concur in the decision to deny the Application for a Writ of Prohibition. However, I cannot agree with the majority's conclusion that a defendant indicted by a grand jury must request a preliminary hearing in writing within ten days. This decision is another of the majority's attempts to diminish a defendant's right to a preliminary hearing.[1] We have long held that preliminary hearing is a critical stage of criminal proceedings.[2] By judicially enacting this writing requirement and time limit, the majority is unnecessarily building error into future cases. Every time an attorney fails to timely file a written request for preliminary hearing after her client is indicted, the client will have a claim of error against the attorney. I do not believe this either protects a defendant's rights or promotes judicial efficiency.

¶2  In concluding that the statutory language clearly and unambiguously contains these requirements, the majority fails to apply rules of grammar. The majority relies on the portion of the statute which states:

Upon the return and filing of an indictment for a felony, the defendant so charged and arrested thereon, or the state, upon filing a request in writing, shall be entitled to have a copy of said indictment, certified by the court clerk, filed with a district, superior, common pleas or county judge, to be designated by the judge presiding over the grand jury, and the defendant shall have a preliminary hearing thereon, before such designated judge, as a magistrate, as though said charge had been originally filed by verified information, with such magistrate, and under the law applying to the institution and conduct of prosecutions by information filed by the state. Any such request must be filed within ten (10) days after the filing of such indictment with the court clerk, or within ten (10) days after the defendant charged under said indictment has been arrested thereon, whichever is later.[3]

¶3  This statute does two things. First, it sets forth the procedure by which an in-

1.  *Norton v. State*, 2002 OK CR 10, 43 P.3d 404, held that denial of counsel at this critical stage is subject to harmless-error review, overruling *Cleek v. State*, 1987 OK CR 278, 748 P.2d 39. I dissented to that ruling.

2.  *Stone v. Hope*, 1971 OK CR 302, 488 P.2d 616, 619. *See Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

3.  22 O.S.2001, § 524.

dicted defendant may request that a copy of her indictment be filed with a court. The relevant language here is the clause in the first sentence, "upon filing a request in writing". The second sentence, which contains the time limits so persuasive to the majority, refers to "[a]ny such request." This phrase can only modify the language allowing a defendant to request a copy of her indictment be filed with a court. This is the only "request" mentioned in the statute.

¶ 4 Second, the statute provides that an indicted defendant may have a preliminary hearing. This provision, although contained within the same sentence, is neither dependent on nor modified by the language discussing a defendant's request to file a copy of her indictment with a court. This interpretation is consistent with this Court's previous case law. Although this Court has had the opportunity to do so, we have never imposed either a time limit or a requirement for a written request before an indicted defendant may have a preliminary hearing. In *Stone v. Hope* we explicitly noted that indictment and prosecution by Information are "concurrent remedies", and stated that "[p]rosecution by Indictment likewise entitles accused to a preliminary hearing." [4] I disagree with the majority's imposition of filing requirements where the Legislature imposed none.