## 36046. THOMAS v. THE STATE.

ADDENDUM to 245 GA. 688.
(March 3, 1981)

By its order of November 17, 1980, the Supreme Court of the United States vacated this court's judgment in this case as to the death sentence (245 Ga. 688 (266 SE2d 499) (1980)) and remanded for further consideration in light of Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398 (1980). As mandated by order of the Supreme Court of the United States, this court has reexamined the holding in this case that the evidence supports a reasonable trier of facts' finding beyond a reasonable doubt that the appellant's murder of the victim was outrageously or wantonly vile, horrible or inhuman in that it involved torture or depravity of mind. Code Ann. § 27-2534.1 (b) (7).

In *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980), this court set out standards which must be met in order to constitutionally apply Code Ann. § 27-2534.1 (b) (7) in light of Godfrey v. Georgia, supra. We held that "torture," as the term is used in the statute, occurs when the victim is subjected, as in this case, to serious physical abuse prior to death. Furthermore, this court held that serious sexual abuse may be found to constitute serious physical abuse. A defendant who tortures the victim or subjects the victim to an aggravated

battery before killing the victim can be found to have a depraved mind. The age and physical characteristics of the victim may be considered in determining "depravity of mind."

By any rational standard, the murder in this case was outrageously or wantonly vile, horrible or inhuman. In that respect, this murder is distinguishable from ordinary murders in which the death penalty is not appropriate. Godfrey v. Georgia, supra; *Hance v. State,* supra; *Cape v. State,* 246 Ga. 520 (272 SE2d 487) (1980). This was not a domestic murder and the victim gave the appellant no reason to assault him nor was the victim subjecting the appellant to any emotional trauma. The appellant sought to avoid detection of his crime. See Godfrey v. Georgia, supra.

As was set out in the opinion in this case, the evidence shows a brutal strangulation murder of a nine-year-old child who weighed less than 60 pounds. The appellant admitted that he had killed the child by beating him with a stick and choking him to death. Such evidence would support a finding by a rational trier of fact of serious physical abuse prior to death. Later, the appellant took his girl friend to the site of the killing and showed her the body of the victim. In her presence, the appellant rolled the body over and, telling her that he had to make sure that he was dead, the appellant jumped on the neck of the victim and then threw the victim's body in the bushes. See *Hance v. State,* supra; *Fair v. State,* 245 Ga. 868 (268 SE2d 316) (1980). In addition, the appellant had a large amount of blood on the front of his pants when he returned to the room where he kept Linda Cook, and the victim's pants had been partially removed. The state further introduced the defendant's prior record for child molestation and assault with intent to rape during a pre-sentence hearing. Such evidence would authorize a finding of serious sexual abuse to the victim, which would constitute serious physical abuse. *Cape v. State,* supra.[1] In this case, the jury's finding of the statutory aggravating circumstance is complete and supported by the evidence beyond a reasonable doubt. Speculation as to the jury's interpretation of the statute by the reviewing court is not required, thereby allowing rational review of the death sentence. See Godfrey v. Georgia, supra.

Accordingly, we hold that the jury was authorized to find, consistent with the United States Supreme Court's holding in Godfrey and beyond a reasonable doubt, that the appellant's murder of the young child was outrageously or wantonly vile, horrible or inhuman in that it involved torture and depravity of mind.

---

[1] See *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974) and *Blake v. State,* 239 Ga. 292 (236 SE2d 637) (1977), cited in Godfrey v. Georgia, supra.

*Judgment affirming the death sentence is reaffirmed. All the Justices concur.*