DECIDED JUNE 29, 1984.

*William B. Hardegree, William S. Cowsent*, for appellants.
*J. Ronald Mullins, Jr.*, for appellee.

68251. IN RE H. E. M.

BIRDSONG, Judge.

This is an appeal from a termination of parental rights. The father and mother contend that the evidence does not sufficiently demonstrate detrimental and egregious parental misconduct, and that the trial court erred in admitting the deposition of a psychologist, thereby illegally requiring the parents to give incriminating evidence against themselves. *Held:*

The subject matter which appellants sought to protect in this case is governed by the laws regarding *privileged communications.* See OCGA §§ 24-9-21; 24-9-27 (c); 24-9-40; 24-9-41; 24-9-42. See also *Boggess v. Aetna Life Ins. Co.*, 128 Ga. App. 190, 192 (196 SE2d 172). The privilege against self incrimination (Ga. Const., Art. I, Sec. I, Par. XVI) inheres in civil cases as well as criminal cases, wherever a person is subject to a penalty. *Simpson v. Simpson*, 233 Ga. 17, 19 (209 SE2d 611). See also OCGA § 24-9-27. However, the privilege is ordinarily that of the person under examination as a witness and is intended for his protection only. *Thomas v. State*, 245 Ga. 688, 691 (266 SE2d 499), vacated on other grounds, 449 U. S. 988 (101 SC 523, 66 LE2d 285), affirmed, 247 Ga. 233 (275 SE2d 318); *Lively v. State*, 237 Ga. 35 (226 SE2d 581). The witness in this case was the psychologist, whom the parents agreed to consult at the request of the Department of Family and Children Services before the petition for termination of parental rights was filed. The appellant parents did not have standing to raise an objection of self incrimination against another's testimony. No proper objection reaching the issue in dispute was made in this case, nor is it made on appeal. *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142). See *DeBoard v. Schulhofer*, 156 Ga. App. 158, 159 (273 SE2d 907). The error, if any, therefore cannot be considered.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 29, 1984.

*Charles R. Reddick*, for appellant.

*Joseph B. Gray, Jr., Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, for appellee.*

### 68647. JENNINGS v. THE STATE.

BIRDSONG, Judge.

David Jennings, a/k/a Steele, a/k/a Candilla was convicted of rape, kidnapping, and two counts of aggravated sodomy. He was sentenced to life for rape and received three sentences of twenty years to run concurrently with the life sentence. His appointed attorney has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). In accordance with Anders, counsel has filed a brief raising points of law which he considered arguably could support an appeal. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that the points raised, though persuasively presented, have no merit nor does our independent examination disclose any errors of substance. Appellant has offered no objection to this motion, nor additional argument. Therefore, this court previously having granted the motion to withdraw, we now affirm the conviction (see *Snell v. State,* 246 Ga. 648 (272 SE2d 348)). We are satisfied that the evidence adduced at trial, though partially circumstantial, was sufficient to enable any rational trier of fact to find guilt of the crime charged beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 29, 1984.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.