**Donald Wayne THOMAS, Petitioner-Appellee, Cross-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellant, Cross-Appellee.**

No. 85–8655.

United States Court of Appeals, Eleventh Circuit.

July 28, 1986.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant, cross-appellee.

Stephen B. Bright, George H. Kendall, ACLU of Georgia, Atlanta, Ga., for petitioner-appellee, cross-appellant.

Before RONEY, KRAVITCH and HATCHETT, Circuit Judges.

RONEY, Circuit Judge:

Donald Wayne Thomas was convicted by a jury in the Superior Court of Fulton County, Georgia, and sentenced to death for the murder of nine-year-old Dewey Baugus.[1] When the instant habeas corpus petition was filed in the federal court, the execution scheduled for May 15, 1984 was stayed. After an evidentiary hearing, the district court granted relief on two grounds: (1) ineffective assistance of counsel at the sentencing for failure to present mitigating evidence, and (2) a constitutionally insufficient jury charge as to mitigating circumstances at sentencing.

On the State's appeal, we affirm the grant of the writ on the ineffective assistance at sentencing. On Thomas' cross-appeal, we affirm the denial of relief on the other grounds considered by the district court: (a) failure of the state trial court to conduct an evidentiary hearing on competency to stand trial, (b) denial by the district court of leave to amend the habeas corpus petition to assert a claim of denial of right to counsel at the preliminary hearing, and (c) the exclusion of venirepersons opposed to the death penalty.

### Ineffective Assistance of Counsel

■ Contrary to the State's argument, the state court finding of effective assistance of counsel, as a mixed question of law and fact, is not entitled to a 28 U.S.C.A. § 2254(d) presumption of correctness. *Solomon v. Kemp,* 735 F.2d 395, 401 (11th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 940, 83 L.Ed.2d 952 (1985). Since the district court found the state record insufficient to permit a determination of whether counsel's decision not to present mitigating evidence was strategic or negligent, it was proper to hold an evidentiary hearing. *Code v. Montgomery,* 725 F.2d 1316, 1321–22 (11th Cir.1984).

Thomas' lawyer made little effort to investigate possible sources of mitigation evidence. Although Thomas' mother, who was to be the main witness at the penalty phase, was interviewed, she was not present, for reasons not apparent from the record. No attempt was made to obtain possible mitigation testimony from other family members or individuals who knew Thomas from school, work, or the neighborhood. The lawyer testified that he made little effort to produce mitigating evidence because Thomas had stated that he did not want to take the stand and did not "want anyone to cry for him."

■ Although a capital defendant's stated desire not to use character witnesses and refusal to testify limits the scope of required investigation, *Mitchell v. Kemp,* 762 F.2d 886, 889–90 (11th Cir.1985), the statements of defendant here do not support such a waiver. The record supports the district court's decision that counsel's failure to investigate and present mitigating evidence fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

1. The Georgia Supreme Court affirmed. *Thomas v. State,* 245 Ga. 688, 266 S.E.2d 499 (1980). The United States Supreme Court vacated the death sentence and remanded the case to the Georgia Supreme Court "for further consideration in light of *Godfrey v. Georgia,* 446 U S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980)." *Thomas v. Georgia,* 449 U.S. 988, 101 S.Ct. 523, 66 L.Ed.2d 285 (1980). On remand, the Georgia Supreme Court reinstated the death sentence.

*Thomas v. State,* 247 Ga. 233, 275 S.E.2d 318, *cert. denied,* 452 U.S. 973, 101 S.Ct. 3127, 69 L.Ed.2d 984 (1981).

A habeas corpus petition in state court was denied after an evidentiary hearing. The Supreme Court of Georgia denied a certificate of probable cause. The United States Supreme Court denied certiorari. *Thomas v. Zant,* 459 U.S. 982, 103 S.Ct. 318, 74 L.Ed.2d 295 (1982).

■ The record likewise supports the district court's decision that the omission was prejudicial. Several witnesses would have given testimony in mitigation. Two faculty members of the Roosevelt High School, which Thomas attended, testified that had they been called to the sentencing hearing, they would have told the jury about Thomas' difficult home environment, about the mental and physical abuse which he encountered there, about his mother's drinking problem, and that Thomas, despite being a slow learner, had worked hard to improve his grades. Two former employers would have testified that Thomas was an excellent worker when given simple work assignments, was always punctual, and had suffered adverse consequences from his mother's drinking problem. Various family members would have testified that Thomas was a loving son who cared deeply for his mother. A psychiatrist could have presented testimony showing Thomas as a pathetically sick youngster who had struggled to succeed in life, both in school and on the job, despite a chaotic home environment and a major mental illness.

None of this evidence was presented to the jury at the sentencing phase as mitigating evidence. It cannot be said that there is no reasonable probability that the results of the sentencing phase of the trial would have been different if mitigating evidence had been presented to the jury. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. The key aspect of the penalty trial is that the sentence be individualized, focusing on the particularized characteristics of the individual. *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Here the jurors were given no information to aid them in making such an individualized determination.

### Sufficiency of Jury Charge

The district court granted habeas corpus relief on the ground that a charge given at the sentencing phase of the trial failed to explain or define what constitutes a mitigating circumstance, and what function a mitigating circumstance serves in sentenc-

ing deliberations, relying on *Westbrook v. Zant*, 704 F.2d 1487 (11th Cir.1983).

Although the recent *en banc* decision in *Peek v. Kemp*, 784 F.2d 1479 (11th Cir. 1986), unavailable to the district court at the time of its decision, casts considerable doubt on the district court's ruling, it is not necessary to decide that issue on this appeal. At the new sentencing hearing to which Thomas is entitled because of ineffectiveness of counsel, the sentencing court will be able to bring its procedures in line with current law.

### Failure to Conduct Competency Hearing

■ As to whether Thomas was mentally competent to stand trial, the district court heard testimony, received documentary evidence, and found that Thomas had failed to present the state trial court with sufficient evidence to create a legitimate doubt as to his competency. *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). This finding is reviewed under the clearly erroneous standard. *Adams v. Wainwright*, 764 F.2d 1356, 1360 (11th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). As previously noted by this Court:

> The Supreme Court has not attempted to promulgate a standard describing the quantum of doubt that must exist before a trial judge is required to conduct a *Pate* hearing.... [N]o single phrase has yet evolved that captures all nuances of the contours of *Pate*, and so a close review of the facts is required that we may make our independent constitutional assessment of whether sufficient doubt of competency existed within the time frame of the trial and immediately related proceedings.

*Acosta v. Turner*, 666 F.2d 949, 954 (5th Cir.Unit B 1982). Because of the difficulty of defining sufficient doubt under *Pate*, our review of the facts is an active one intended to assist in evolving a better grasp of legitimate doubt of competency to stand trial.

The district court examined three factors to determine whether Thomas was competent: evidence of Thomas' prior irrational behavior, Thomas' demeanor at trial, and medical opinion on Thomas' competency. *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975). These factors must be addressed in terms of what was known to the trial court at the time.

As to prior irrational behavior, the district court noted that while there was some trial testimony by Linda Cook, a chief prosecution witness, that Thomas had locked her in a closet for a week and had jumped on the body of the decedent when Thomas showed the body to her, this evidence was insufficient to trigger a *Pate* hearing. These alleged incidents occurred six months prior to trial, and the facts depended upon Cook's credibility. There was no other testimony that Thomas had displayed irrational behavior on other past occasions.

With regard to Thomas' behavior at trial, the district court found:

> After reading the initial briefs filed in this action the court was under the impression that the petitioner sat throughout his trial with his fist raised over his head in some kind of salute. One purpose of allowing argument on the competency claim at the evidentiary hearing was to enable the court to obtain a better understanding of exactly how the petitioner appeared at trial. At the evidentiary hearing the petitioner's trial counsel described the petitioner's hand and arm position while in court, as well as his general demeanor and appearance. Based on this testimony the court finds that although the petitioner's appearance and conduct were not, perhaps, what one would typically see in court and not how any attorney would like his client to appear, it was not so unusual or deviant that it would trigger the necessity of conducting a *Pate* hearing. The court notes that it is not unusual for criminal defendants to sit passively at trial. It is also clear that communication between the petitioner and his counsel had im-

proved by the time of trial, and thus the trial judge observed the petitioner talking with his attorney, something he was unable to do to any meaningful extent soon after his arrest when his attorney first entered the case.

This analysis discounts the argument that conduct during the trial should require a *Pate* hearing.

As to the medical evidence available to the trial court, Thomas was examined by two psychiatrists in response to his plea of insanity. When they rendered conflicting reports, the trial judge had Thomas transferred to the Department of Human Resources to be examined by the staff at the State Hospital. After a month's examination, the staff doctors certified Thomas as competent to stand trial. The record supports the district court's finding that the medical evidence before the trial judge was insufficient to raise the level of doubt about Thomas' competency to the point that would require a competency hearing.

### Leave to Amend

■ The district court denied Thomas leave to amend his habeas corpus petition to add a claim that he was not represented by counsel at the preliminary hearing in state court. The district court held the request was unduly delayed, but that in any event, the absence of counsel at the preliminary hearing was harmless error. We affirm on this alternative ground.

The prosecution has carried its burden of persuading this Court that, even if constitutional error was established, the error was harmless. *Hutchins v. Wainwright,* 715 F.2d 512, 517 (11th Cir.1983) (citing *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)), *cert. denied,* 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984). In *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court noted the functions served by an attorney at a preliminary hearing:

> First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's

case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of. a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Id.* at 9, 90 S.Ct. at 2003. *Coleman* applies a harmless error analysis to denials of counsel at preliminary hearings.

Thomas' counsel had access to the transcript of the preliminary hearing because he used the transcript to impeach the testimony of the State's main witnesses. Counsel could not have revealed defects in the State's case so great that the magistrate would have refused to bind the petitioner over to the State's custody. Thomas' counsel knew the nature of the State's case because he conducted pretrial interviews with witnesses, which led him to believe his best trial strategy would be to attack the credibility of those witnesses and impeach their testimony. Thomas' counsel sought and received early psychiatric examinations and evaluations on Thomas. The State has carried its burden on showing that Thomas was not prejudiced by his counsel's absence at the preliminary hearing.

### Excusal of Jurors

 The argument that the excusal for cause at the guilt/innocence phase of his trial of those venirepersons opposed to the death penalty violated his right to an impartial and representative jury is foreclos-ed by the recent Supreme Court decision in *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).

AFFIRMED.