No. 86–5610. THOMAS *v.* KEMP, WARDEN. C. A. 11th Cir. Certiorari denied. ▮

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

The United States Court of Appeals for the Eleventh Circuit held below that petitioner's Sixth Amendment right to the assistance of counsel was not violated when he was refused counsel at his preliminary hearing on a capital murder charge, because the denial of counsel at the preliminary hearing was harmless error.

## I

Petitioner Donald Wayne Thomas was convicted of murder and sentenced to death after jury trial. The State of Georgia charged petitioner, who was then 19 years old, with the murder of a 9-year-old boy. At the preliminary hearing 10 days after petitioner's arrest, petitioner requested an opportunity to retain private counsel, indicating that he did not wish to be represented by the public defender. The court denied petitioner's request, excused the public defender, and held the preliminary hearing in the absence of any defense counsel. The State's main witness, a 15-year-old mentally retarded girl, then testified without cross-examination that petitioner had told her he had committed the murder, and had shown her the body. This testimony differed in various material respects from the later testimony given by this witness at trial.

On direct appeal from petitioner's subsequent conviction, the Georgia Supreme Court affirmed the conviction and sentence. *Thomas* v. *State*, 245 Ga. 688, 266 S. E. 2d 499 (1980). This Court granted certiorari, vacated the sentence of death, and remanded for reconsideration in light of *Godfrey* v. *Georgia*, 446 U. S. 420 (1980). *Thomas* v. *Georgia*, 449 U. S. 988 (1980). On remand, the Georgia Supreme Court reinstated the death sentence, without benefit of further briefing or oral argument. *Thomas* v. *State*, 247 Ga. 233, 275 S. E. 2d 318, cert. denied, 452 U. S. 973 (1981). Having exhausted in state postconviction proceedings claims of ineffective assistance of counsel and prosecutorial misconduct at the sentencing phase of the trial, petitioner's counsel brought a federal habeas corpus action raising those issues.

During the pendency of the federal petition, counsel, who had not represented petitioner at trial, first discovered the preliminary hearing transcript in the files of the public defender's office, and realized that petitioner had been denied counsel at his preliminary hearing. Counsel notified the District Court that Thomas would move to amend his federal habeas petition as soon as the new claim could be presented to the state courts for exhaustion. Relief on this claim was denied in new state proceedings, and petitioner's counsel moved to amend the federal petition. The District Court vacated petitioner's death sentence on the ground that petitioner had not received effective assistance of counsel at the sentencing phase of his trial, but denied the motion to amend the petition as untimely. As an alternative ground of decision, the District Court also held that even if the claim were timely pre-

sented, the denial of counsel at the preliminary hearing had been harmless error.

Both parties appealed from the District Court's order. The Court of Appeals affirmed. 796 F. 2d 1322 (1986). On the denial-of-counsel claim, the Court of Appeals adopted the District Court's alternative ground, holding that "[t]he prosecution has carried its burden of persuading this Court that, even if constitutional error was established, the error was harmless." *Id.*, at 1326. Finding that "Thomas' [trial] counsel had access to the transcript of the preliminary hearing," "knew the nature of the State's case," and "sought and received early psychiatric examinations and evaluations on Thomas," the Court of Appeals concluded that "Thomas was not prejudiced by his counsel's absence at the preliminary hearing." *Id.*, at 1327.

## II

It has been settled for more than half a century that a defendant facing capital charges is entitled to the assistance of counsel. *Powell* v. *Alabama*, 287 U. S. 45 (1932). The right to counsel, it was then recognized, is not merely a right to trial counsel, but a right to the assistance of counsel in preparing a defense throughout the period from arraignment to trial; defendants are "as much entitled to such aid during that period as at the trial itself." *Id.*, at 57. Our recognition of the right to counsel has substantially increased in the period since *Powell* was decided. See, *e. g.*, *Argersinger* v. *Hamlin*, 407 U. S. 25 (1972); *Gideon* v. *Wainwright*, 372 U. S. 335 (1963); *Johnson* v. *Zerbst*, 304 U. S. 458 (1938). It is astonishing to me that the Court of Appeals so readily determined, despite our repeated holdings to the contrary, that it is not *per se* constitutional error to deny the assistance of counsel to a defendant whose life the State intends to take.

In support of its conclusion that the denial of counsel in the preliminary hearing of a capital prosecution can be harmless error, the Court of Appeals relied upon *Coleman* v. *Alabama*, 399 U. S. 1 (1970), in which this Court remanded for consideration of harmless error under *Chapman* v. *California*, 386 U. S. 18 (1967), the denial of counsel at a preliminary hearing. This reliance is fundamentally misplaced, for *Coleman* was not a capital case. As Chief Justice Burger stated for the Court in *Holloway* v. *Arkan-*

*sas,* 435 U. S. 475, 489 (1978), "when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic."*

Our recent cases make clear that, contrary to the Court of Appeals' conclusion below, denial of counsel at any critical stage of a criminal prosecution is *per se* constitutional error. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland* v. *Washington,* 466 U. S. 668, 692 (1984). "The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States* v. *Cronic,* 466 U. S. 648, 659 (1984) (footnote omitted). Petitioner's capital trial was unfair for precisely this reason. The Court of Appeals' casual conclusion that "[c]ounsel could not have revealed defects in the State's case so great that the magistrate would have refused to bind the petitioner over to the State's custody," 796 F. 2d, at 1327, is nothing more than speculation of a kind which the Constitution will not countenance. Mere recitation of the words "harmless error" is not a constitutionally sufficient basis on which to permit the State to deny the assistance of any lawyer at all to a defendant against whom the State is seeking the death penalty.

I dissent from the denial of the petition for certiorari.

---

*It is not open to question that the preliminary hearing held below was a "critical stage" in petitioner's prosecution. See *Coleman* v. *Alabama,* 399 U. S. 1, 9–10 (1970).