James **FISHER, Jr.,** Appellant,

v.

The **STATE of Oklahoma,** Appellee.

No. F–83–546.

Court of Criminal Appeals of Oklahoma.

June 18, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

No response necessary.

## OPINION ON REHEARING

PARKS, Judge:

The appellant, James Fisher, Jr., was convicted in Oklahoma County District Court, Case No. CRF–83–137, of First Degree Murder and sentenced to death. On May 4, 1987, this Court unanimously affirmed the judgment and sentence, 736 P.2d 1003. In order to further clarify the issue concerning whether the appellant received effective assistance of counsel during the sentencing stage of the trial, the rehearing is hereby granted.

■ In his first assignment of error in his petition for rehearing, appellant makes a strong argument that he was denied effective assistance of counsel during the punishment stage. Appellant urges that the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), should not apply because defense counsel "literally did nothing in the second stage, with the exception of lodging a single objection during the prosecutor's closing argument." Appellant asserts that counsel's "unequivocal surrender" during the second stage constituted ineffective assistance per se so that a presumption of prejudice is appropriate. We disagree.

Appellant first relies on *Blake v. Kemp,* 758 F.2d 523, 533–34 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985), which upheld a district court finding that the defendant had been denied effective assistance of counsel based on defense counsel's testimony that "he made no preparations whatsoever for the penalty phase" and failed "to seek out and prepare any witnesses to testify as to mitigating circumstances...." *Blake* is distinguishable from the instant case, since here defense counsel presented evidence of mitigating circumstances during the guilt phase of the trial. The mitigating circumstances so presented were introduced during the second stage by way of instructions. Appellant also relies on *State v. Harvey,* 692 S.W.2d 290, 292–93 (Mo.1985), where the Missouri Supreme Court held that a defendant in a capital case was entitled to a new trial where defense counsel refused to participate in either the guilt stage or punishment phase. The absolute total nonparticipation present in *Harvey* is simply not present here.

■ Next, appellant cites *State v. Gerlaugh,* 144 Ariz. 449, 698 P.2d 694, 702–03 (1985), in which the Arizona Supreme Court held that "if counsel acts as a neutral observer, then prejudice will be presumed." In this case, however, we cannot say that defense counsel was a "neutral observer" in light of his overall participation in the trial and his presentation of mitigating circumstances which were brought to the attention of the jury during the sentencing stage by way of instructions. Even though this writer believes that the better practice is to reintroduce the evidence of aggravation and mitigation during the second stage proceeding, I cannot say the failure to do so here unduly prejudiced the appellant. Appellant also relies on *Martin v. Rose,* 744 F.2d 1245, 1250–51 (6th Cir.1984), for the proposition that defense counsel's "silence" during the sentencing stage should be equated with the complete absence of counsel altogether. *Martin,* however, involved an attorney who refused to participate at all during a one stage trial where the defendant was charged with seven counts of sexual offenses, and is thus distinguishable. In *Thomas v. Kemp,* 796 F.2d 1322, 1324–25 (11th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 602, 93

L.Ed.2d 601 (1986), the court of appeals affirmed a district court's ruling that the failure of defense counsel to investigate and present mitigating evidence during the penalty stage constituted a deficient performance which was prejudicial. In *Thomas,* the court noted the availability of evidence concerning the defendant's subjection to mental and physical abuse at home, his mother's drinking problem, his excellent work record, and his struggle to succeed despite physical illnesses as a youngster, a chaotic home environment and a major mental illness. None of this evidence was presented to the jury in mitigation during sentencing. Unlike *Thomas,* the jury in the instant case was instructed to consider eight mitigating circumstances in addition to the specific mitigating circumstances concerning the appellant's lack of prior violent criminal activity, his military service, and his young age. The instant case is thus distinguishable from *Thomas.*

 Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. In addition, with regard to appellant's assertion that other mitigating evidence was available to show that the appellant was nonviolent, friendly, helpful and a good student, on this record we cannot say that there is a reasonable probability that the omission of such evidence would have changed the jury's conclusion that the aggravating circumstances outweighed the mitigating circumstances. *Id.* at 700, 104 S.Ct. at 2071. We must reject appellant's contention in light of the jury's consideration of the appellant's lack of violent previous criminal activity, his military service and his youth. *See also Darden v. Wainwright,* 477 U.S. 187, ___, 106 S.Ct. 2464, 2473–75, 91 L.Ed.2d 144 (1986).

 In short, although this Court is deeply disturbed by defense counsel's lack of participation and advocacy during the sentencing stage, and while we concede that appellant presents a close case, we cannot say that appellant has demonstrated a reasonable probability that the sentencer would have concluded that the balance of aggravating and mitigating circumstances did not warrant death. *See Strickland v. Washington,* 466 U.S. at 695, 104 S.Ct. at 2069. In the future, in situations where defense counsel fails to actively participate in the sentencing proceeding, this writer submits that the better practice would be for the trial judge to conduct an appropriate interrogation of the defendant out of the presence of the jury to determine whether the defendant personally is expressly consenting to such trial strategy on the part of defense counsel. *See Moore v. State,* 736 P.2d 161, 166 (Okl.Cr.1987) (trial court questioned defendant on the record in a capital case and determined that the defendant wished to follow the advice of his attorney which resulted in the waiver of closing argument during sentencing stage).

Now, after examining the remainder of the petitioner's citations of authority in his application for rehearing, and having been fully advised in the premises, this Court AFFIRMS its prior decision.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.