David B. SMITH, Petitioner,

v.

Gary McCAUGHTRY, Respondent.

No. 97–C–382.

United States District Court,
E.D. Wisconsin.

June 30, 1999.

David B. Smith, Waupun, WI, Pro se.

Mark Burke, Asst. Atty. Gen., for Defendant.

## *DECISION AND ORDER*

ADELMAN, District Judge.

Petitioner was convicted of first-degree intentional homicide in Milwaukee County Circuit Court on October 17, 1991. He seeks a writ of habeas corpus, arguing that his Sixth Amendment right to the effective assistance of counsel was violated because at the time of his preliminary hearing his counsel was suspended from the practice of law for failure to pay bar dues. Petitioner also argues that he was denied the effective assistance of counsel because counsel waived the reading of the information at arraignment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged in a criminal complaint filed on February 12, 1991, with first-degree intentional homicide while armed. He made an initial appearance on that date with appointed counsel Richard "Jeff" Carpenter. On February 28, 1991, a preliminary hearing was held, and petitioner was bound over for trial. After the hearing Carpenter entered a plea of not guilty and not guilty by reason of mental disease or defect on petitioner's behalf. The latter plea was withdrawn prior to trial. On October 14, 1991, a jury trial was commenced and, after a four-day trial, petitioner was convicted of first-degree intentional homicide while armed. He was subsequently sentenced to life imprisonment.

After completing the direct appeal process petitioner filed a motion for postconviction relief pursuant to Wis.Stat. § 974.06, requesting a new trial on the ground that his counsel was not eligible to practice law when he was appointed to represent petitioner. Petitioner submitted a copy of a letter from the Clerk of the Wisconsin Supreme Court stating that Carpenter was suspended for non-payment of bar dues from October 31, 1989 to February 28, 1991, the day of petitioner's preliminary hearing. The trial court permitted petitioner to raise the issue because he had not previously been aware of Carpenter's situation but ultimately denied the motion on the merits. The court of appeals affirmed, ruling as follows:

> We conclude that Smith is not entitled to a new trial because he has not shown that he was harmed. Carpenter's disqualification ended the day of the preliminary examination and arraignment. For all subsequent proceedings, including the jury trial and the sentencing hearing, Carpenter was qualified to practice law. The supreme court has held that, in effect, a fair and errorless trial cures errors in the preliminary examination. The rationale of this holding applies to Smith's claim. Smith does not raise any specific claim of deficient representation, and he does not claim that Carpenter's representation of him during the suspension adversely affected the representation he received after Carpenter was reinstated. While Carpenter should not have been appointed in this case, Smith was not harmed because Carpenter was reinstated before Smith's trial.

*Smith v. McCaughtry,* No. 96–0442 (Ct. App. Jan. 6, 1997) (internal citations omitted).

Petitioner then sought federal habeas corpus relief. In his petition he raised four claims: (1) denial of qualified counsel at his preliminary hearing; (2) exclusion of blacks and Hispanics during the jury selection process; (3) improper service of the criminal complaint; and (4) denial of effective assistance of counsel because counsel waived reading the information at the ar-

raignment. In an earlier order I ruled that claims (2) and (3) were procedurally defaulted as they were not raised on direct appeal. Petitioner has not shown cause and prejudice for defaulting these claims or demonstrated that this court's failure to hear the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Claims (2) and (3) will therefore be dismissed. My previous order also indicated that, depending on the nature of petitioner's claim of ineffective assistance presented in state courts, claims (1) and (4) may also be barred by procedural default. (*See* Order of 4/21/98.) The state court record, now before me, makes clear that petitioner did not procedurally default at least as to his first claim.

## II. STANDARD OF REVIEW

■ As amended by AEDPA, 28 U.S.C. § 2254(d)(1) provides that a petition for a writ of habeas corpus shall not be granted unless the challenged state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." This provision still entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. *Lindh v. Murphy,* 96 F.3d 856, 870, 877 (7th Cir.1996) (en banc), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). In *Hall v. Washington,* 106 F.3d 742 (7th Cir.1997), the Seventh Circuit described the new standard in this way:

> [O]ur review of state courts' legal determinations continues to be de novo. So, too, does our review of mixed questions of law and fact. Under the AEDPA, however, we must answer the more subtle question of whether the state court unreasonably applied clearly established

federal law as the Supreme Court has determined it.

*Hall* at 748 (internal citations and quotation marks omitted). The *Hall* court went on to explain the meaning of the reasonableness standard:

> The statutory "unreasonableness" standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes. On the other hand, Congress would not have used the word "unreasonable" if it really meant that federal courts were to defer in all cases to the state court's decision. Some decisions will be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary, that a writ must issue.

*Id.* at 748–49. The Seventh Circuit has also stated that to be unreasonable a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper,* 109 F.3d 330, 334 (7th Cir.1997).

## III. DISCUSSION

### A. Claim of Absence of Qualified Counsel at Preliminary Hearing

■ The Sixth Amendment right to counsel extends to all "critical stages" in a criminal case. *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The preliminary hearing is a critical stage, and the presence of counsel is required to protect the accused's right to a fair trial. *Coleman v. Alabama,* 399 U.S. 1, 9–10, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). However, a defendant whose right to counsel at the preliminary hearing is violated is not entitled to relief if the denial of counsel was "harmless error" as defined by the Supreme Court. *Coleman,* 399 U.S. at 11, 90 S.Ct. 1999 (citing *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

■ Petitioner does not claim that Carpenter's performance at the preliminary hearing was deficient or that Carpenter's

unlicensed status caused actual harm to him. Carpenter requested and received from the prosecutor all discoverable material. He challenged the validity of petitioner's confession, the principal evidence against petitioner, at every stage of the proceeding. He cross-examined the detective who took the confession and elicited an admission that petitioner told the detective that he did not intend to kill the victim. Carpenter also secured an admission by the medical examiner that the wounds struck by petitioner were consistent with petitioner's defense that he killed the victim in a rage while fending off homosexual advances. Petitioner does not claim that the status of Carpenter's license caused petitioner to be bound over or that it prevented a fair trial.

For the foregoing reasons, the violation of petitioner's right to counsel at the preliminary hearing was harmless error. Pursuant to *Coleman* petitioner is not entitled to relief. *See also Thomas v. Kemp,* 796 F.2d 1322, 1326 (11th Cir.1986) (absence of counsel at preliminary hearing harmless error); *Moses v. Helgemoe,* 562 F.2d 62, 65 (1st Cir.1976) (same); *Waterhouse v. Rodriguez,* 848 F.2d 375, 382 (2d Cir.1988) (absence of licensed counsel for one day of pretrial suppression hearing not ineffective assistance of counsel); *United States v. Daniels,* 848 F.2d 758, 760 (7th Cir.1988) (defects in indictment process cured where evidence is sufficient to produce a conviction at trial); *United States v. Fountain,* 840 F.2d 509, 514 (7th Cir.1988) (same).

Petitioner, however, points to language in *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stating that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." He argues that Carpenter's unlicensed status at the preliminary hearing was equivalent to the "denial of counsel altogether" and that prejudice should be presumed. Petitioner also cites *McKinzie v. Ellis,* 287 F.2d 549 (5th Cir.1961), where the defen-

dant was charged with a capital offense and the court-appointed counsel had been dropped from the rolls of lawyers qualified to practice in Texas because of non-payment of dues. In *McKinzie,* pursuant to counsel's advice, the defendant pleaded guilty to a noncapital felony and was sentenced to twenty-five years imprisonment. The court held:

> Where a petitioner can show that his plea of guilty and subsequent conviction flow from the advice, given while the petitioner was charged with a capital offense, of court-appointed counsel who was not qualified to practice law in the state where the proceedings took place, a due process violation has been established.

*McKinzie,* 287 F.2d at 552.

*McKinzie,* however, differs from petitioner's situation in at least one fundamental respect. In *McKinzie* defendant's counsel was unlicensed throughout the entire case, not just at the preliminary hearing. *McKinzie* stands for the proposition that prejudice will be presumed when a defendant in a criminal case is, unbeknownst to the defendant, represented throughout by an unlicensed lawyer and the result of the case is a conviction. *See also Solina v. United States,* 709 F.2d 160, 168–69 (2d Cir.1983) (defendant represented in bank robbery trial by law school graduate who had never been admitted to practice); *United States v. Cancilla,* 725 F.2d 867, 870 (2d Cir.1984) (defendant represented throughout case by licensed counsel who was himself guilty of same criminal conduct for which defendant was being tried). Here, counsel's license was reinstated the day after the preliminary hearing. Petitioner was represented by a qualified lawyer during the preparation of his defense and at trial. Thus, there is no basis for presuming prejudice.

Nor does *Strickland* require a contrary result. Under *Strickland,* a defendant claiming ineffective assistance of counsel must show prejudice. Prejudice is defined as being deprived of a fair trial, i.e., a trial

whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The *Strickland* language stating that prejudice will be presumed from the "denial of the assistance of counsel altogether" means that without a lawyer a defendant cannot receive a fair trial. The focus is on the fairness of trial. Here, petitioner had a lawyer at the trial and acknowledges that the trial was fair. Thus, *Strickland* does not help him.[1]

For the foregoing reasons petitioner has not shown that the decision of the state court of appeals was an "unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

## B. Claim of Ineffective Assistance Because Counsel Waived Reading of Information at Arraignment

■ The state court record is now before me, and it is clear that petitioner did not raise his claim of ineffective assistance based on waiver of the reading of the information in either of his state court appeals. (*See* Exs. B, D.) Therefore, petitioner procedurally defaulted this claim. *See State v. Escalona–Naranjo,* 185 Wis.2d 168, 181, 517 N.W.2d 157 (1994). Further, petitioner has not shown cause and prejudice for the procedural default or demonstrated that this court's failure to hear the claim will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

■ Additionally, even if petitioner had not procedurally defaulted, the claim alleges no violation of federal law. At most petitioner shows a violation of Wis.Stat. § 971.05(3), requiring that the district attorney "shall read the information or complaint to the defendant unless the defendant waives such reading." The Constitution requires only that defendant be "informed of the nature and cause of the accusation." *See Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Petitioner does not claim that he was not informed of the nature of the charges. Finally, petitioner presents no basis for concluding that counsel's waiver of the formal reading of the information was either deficient performance or that it was harmful to petitioner.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this petition for a writ of habeas corpus is **DENIED,** and this case is **DISMISSED.**

---

1. There are important differences between the harmless error analysis endorsed in *Coleman* and the *Strickland* requirement that the defendant prove prejudice. *See* William S. Geimer, *A Decade of Strickland's Tin Horn: Doctrinal & Practical Undermining of the Right to Counsel,* 4 Wm. & Mary Bill Rts. J. 91, 130 (1995). One difference is that under harmless error analysis the state bears the burden of proving beyond a reasonable doubt that the constitutional error was harmless. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). These differences have no effect in the present case because defendant does not claim actual harm.