**Marion ASKRENS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–220.**

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Sandra D. Howard, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Marion Askrens, was tried and convicted in a nonjury trial in the District Court of Washington County for the crime of First Degree Manslaughter in Case No. CRF–84–100 and sentenced to ten (10) years imprisonment, and she appeals. We affirm.

Briefly stated the facts are that on April 13, 1984, Officer Tony Benton and Officer Joseph Wright of the Bartlesville Police Department responded to a call that a female had called in and said she had killed someone. When they arrived at the residence where the shooting occurred, they observed appellant standing outside the house next to a car. The appellant told officer Benton "I did it, I shot her, I killed her." At that point, Benton handcuffed appellant and advised her of her *Miranda* rights. Appellant then told the officers that the body was inside the house along with the gun. Officer Wright entered the house and observed a woman's body on the floor, and also observed a .44 caliber revolver on the living room table.

Officer Benton testified that he noticed a strong smell of alcohol on appellant,

slurred speech, bad balance and a loud shouting voice and determined that she was intoxicated.

In her single assignment of error appellant contends that the trial court erred by admitting into evidence involuntary statements made while she was intoxicated. This Court, in *Foster v. State*, 657 P.2d 166, 169 (Okl.Cr.1983), held that:

> The ultimate test for voluntariness of a confession is whether it was the product of an essentially free and unconstrained choice by its maker. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973). In determining whether a defendant's will was overborne, the court will look to the totality of the circumstances—which include both the characteristics of the accused and the details of the interrogation. *Schneckloth*, supra.

In the present case, the appellant called the police and an ambulance after she shot the victim, and her conversation with the police dispatcher was clear and coherent.[1] When the police arrived, appellant was standing outside the house, and she told officer Benton that she had killed the victim. Furthermore, at her trial, appellant admitted that she knew right from wrong on the day of the shooting. While it is true that appellant was intoxicated when she made the statements, this Court has held that this fact alone does not conclusively establish the confession as involuntary. *See Hardin v. State*, 649 P.2d 799, 801 (Okl.Cr.1982).

After reviewing all the facts surrounding appellant's confession, we are of the opinion that the State met its burden of showing that the confession was voluntary in that there is absolutely nothing in the record to indicate that appellant's statements were not voluntary or that her will was overborne. Consequently, we find no error.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.

1.
Q  Police Department.
A  Ma'am.
Q  Yes
A  I just killed somebody.
Q  Okay.  Where are you at?
A  I'm at 414 West 13th.
Q  Who did you kill?
A  I killed—Hey, I don't care about that.
Q  Okay.
A  Come here, okay?
Q  Okay.  Stay on the line with me, please.