## LEVERETT BURCHFIELD v. STATE.

No. A-10756.   Dec. 31, 1947.

(188 P. 2d 392.)

416

Long & Sutherland, of Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Leverett Burchfield, was convicted in the superior court of Seminole county, on a charge of burglary in the second degree, and was sentenced to serve a term of three years' imprisonment in the State Penitentiary.

It is alleged in the information that on July 17, 1944, the defendant, along with his brother, Everett, and Willie Minor Jones, did break into a certain store building in

Seminole county, Okla., and steal certain described personal property valued at $400.

The principal contention of defendant is that the trial court erred in refusing to sustain defendant's motion to dismiss the information on the ground that no proper transcript had been filed by the justice of the peace, showing that the defendant had had a preliminary examination and bound over for trial to the superior court of Seminole county.

The record shows that after the jury had been duly impaneled, questioned on their voir dire and sworn to try the case, and after the county attorney had made his opening statement to the jury, counsel for the defendant dictated into the record the following motion:

"By Mr. Sutherland: Comes now the defendant and before entering a plea in this case, moves this court to dismiss the information filed herein for the reason that there is no proper transcript filed in this cause binding the defendant over to this court for trial and before no endorsement on the back of the complaint is made as by law required giving this court any jurisdiction. By the Court: Overruled. By Mr. Sutherland: Exceptions. By the Court: Do either of you gentlemen want the rule? By Mr. Sutherland: Yes, if the Court please, I believe so. By the Court: The rule has been asked for and all witnesses except the defendant and the peace officers will have to remain outside the court room until you are called. By Mr. Sutherland: Comes now the defendant and objects to the taking of any testimony for the reason that no proper transcript is filed in this cause binding this defendant over for trial in this court. By the Court: Overruled. By Mr. Sutherland: Exceptions."

There is no copy of the preliminary proceedings shown in the record. The trial commenced on November 21, 1945. The minutes of the court clerk shows that on November

9, 1945, which was the time set for the arraignment of the accused the following occurred:

"Attorneys for defendant announced in open court that the defendant was previously arraigned and entered a plea of not guilty."

There is included in the record an appearance bond filed and approved in the justice of peace court on December 19, 1944, conditioned that defendant appear for trial in the superior court at Seminole county at its next regular term.

In the case of Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, 259, the following rules of law were promulgated as shown by the syllabus:

"In the absence of any record as to the facts introduced on a motion to quash the information filed by defendant upon his arraignment in district court, the presumption follows that there were facts introduced which sustained the findings of the court. * * *

"The entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After a plea of not guilty is entered upon arraignment in district court without filing a motion to quash the information, the question as to the failure to have a preliminary examination is waived and may not be raised by an objection to the introduction of evidence at the beginning of the trial."

In the case of Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127, this court said:

"(a) The constitutional provision, article 2, § 17, that 'no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such exam-

ination,' is for the benefit of an accused and which, by express terms of the Constitution, he may waive.

"(b)   The fact that accused has had a preliminary examination need not be alleged in the information or shown affirmatively by the state, the law presumes that accused has had a preliminary examination or has waived it, and when accused relies upon the want of a preliminary examination, the proper practice is to raise the question by motion to quash or set aside, before pleading to the merits.

"(c)   Objections to an information, based on the absence of any essential preliminary proceeding, should be made by proper motion or plea, before pleading to the merits.

"(d)   A preliminary examination may be waived before the committing magistrate or the entire preliminary proceedings may be waived in the trial court and is waived by failure to file a motion to quash or set aside in apt time."

In the absence of a contrary showing in the record, there is a presumption as to the regularity of the proceedings in courts of record. Nash v. State, 47 Okla. Cr. 172, 286 P. 910; Sweet v. State, 70 Okla. Cr. 443, 107 P. 2d 817.

The motion of the defendant to dismiss the information should have been filed before pleading to the merits and before the jury was impaneled and sworn. If it was the contention of the defendant that he had not been arraigned and had not entered his plea, and had not had a preliminary examination, the burden was upon him to introduce facts to sustain his motion. Herren v. State, supra.

The proof of the defendant's guilt is overwhelming. One of his codefendants testified against him. Two girls, who saw the defendant and his codefendants with a quan-

tity of clothing the night of the burglary, testified that defendant told them that he had obtained them by entering the cleaning shop which was burglarized. At the time of the arrest of the accused, he told Jake Sims, Chief of Police of Seminole, that he wanted to enter a plea of guilty and made a full confession at that time detailing the circumstances surrounding the commission of the burglary. In his defense, the defendant testified that he was in the automobile with his brother and his other codefendant, Willie Jones, the night of the burglary; but that he had drunk so much whisky that he did not know anything that occurred. They started in their automobile from Oklahoma City to Seminole with two girls to bring another girl back to her job in Oklahoma City. The defendant said that he passed out because of drinking so much intoxicating liquor, and when he awakened he was back in Oklahoma City. That he saw the clothing in the car and helped move it to one Gardner's room in a hotel in Oklahoma City, but that he did not know anything at all about the burglary having been committed and did not participate in the commission of the burglary.

Counsel stated in his brief that there is no corroboration of the testimony of the accomplice and further stated that the confession was obtained by threats and duress. Other than this bare assertion in counsel's brief, there is no statement referring to any part of the record which would sustain these allegations, and there is no citation of authorities to sustain these two contentions.

An examination of the record discloses that these two assignments are wholly without merit. The judgment and sentence of the superior court of Seminole county is accordingly affirmed.

BAREFOOT, P. J., and BRETT, J., concur.