Bobbie Allen BURLEIGH, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12999.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1961.

Bobbie Allen Burleigh, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in habeas corpus brought by Bobbie Allen Burleigh to secure his release from imprisonment in the State Penitentiary, where he alleges he is being unlawfully restrained of his liberty by R. R. Raines, warden of the penitentiary, at McAlester, Oklahoma.

Petitioner further alleges that the cause of his unlawful restraint is by virtue of a judgment and sentence illegally made and entered in the district court of Pawnee County, wherein he was charged with burglary in the second degree. Petitioner failed to attach to his petition a copy of the information, or the judgment and sentence, but states that in March, 1958 he entered a plea of guilty to a charge of burglary in the second degree, and sentence thereon was deferred for six months. That in the mean time, petitioner was sentenced to the State Penitentiary from Tulsa County on a charge of burglary, second degree, and on the date scheduled for sentencing in Pawnee County, he was an inmate of the State Penitentiary. He complains that no detainer or hold order was placed with the prison authorities by Pawnee County, and for this reason the district court of Pawnee County lost jurisdiction to pronounce sentence. Petitioner further states that after his release from the penitentiary, and when he was again picked up in Tulsa County on a charge of petit larceny, the Pawnee County authorities took possession of him, and on June 20, 1960 he was sentenced to two years imprisonment on the plea of guilty entered by him in March, 1958. His contention is that Pawnee County had waived jurisdiction of petitioner when it failed to place a hold order with the prison authorities, as hereinbefore stated; and he prays for his release.

This contention is wholly without merit. The district court of Pawnee County had, for some reason, delayed passing sentence on the defendant for six months, no doubt as a favor to the petitioner, and the fact that he got into further trouble, and was placed in the penitentiary from another county, did not obligate Pawnee County authorities to file a hold order with the prison authorities in order to maintain jurisdiction of petitioner; and Pawnee County did not lose jurisdiction to pass judgment and sentence on the petitioner on June 20, 1960 on his plea of guilty entered in March, 1958 merely by reason of delay and the fact that a hold order was not lodged with the prison authorities for the petitioner.

However, the Warden, through the Attorney General, has filed a response to the petition for writ of habeas corpus, to which is attached a photostatic copy of the judg-

ment and sentence, and also petitioner's prison record. The copy of the judgment and sentence shows that the petitioner was arraigned on June 20, 1960, on a charge of burglary in the second degree; that he was represented by counsel at such arraignment, and that on said date he was sentenced to two years in the penitentiary.

It has been held many times by this Court, that the records of the trial court are presumed to be true and correct unless the contrary is established by competent proof. Ex parte Gregory, Okl.Cr., 291 P.2d 832.

The purpose of the writ of habeas corpus being to determine the legality of the restraint of an individual, the writ will not issue where it is shown that the prisoner is being held pursuant to an unsatisfied judgment pronounced against him. Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679; Ex parte Ward, 97 Okl.Cr. 60, 257 P.2d 1099.

The petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.