**Wallace WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17395.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

Henry W. Floyd, Thomas Hoffman, and David Lee, Legal Intern, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

This is an appeal from judgment on an application for post conviction relief. Title 22 O.S.1971, § 1087.

Appellant, Wallace Williams, hereinafter referred to as defendant, was convicted in the District Court of Blaine County, Case No. 1973, of first degree burglary after former conviction of a felony and sentenced to twenty-five (25) years imprisonment. Judgment and sentence was imposed on May 3, 1960. No appeal was taken from the judgment on conviction.

Subsequently, on August 31, 1971, defendant filed an application for post conviction relief, Blaine County Case No. C–71–130, attacking the burglary conviction, alleging the denial of the right to counsel, failure to take defendant before a magistrate for ten (10) days, denial of a preliminary examination, and denial of the right to appeal his conviction. On February 1, 1972, a hearing was held on the application with defendant present and represented by counsel.

It was found that defendant was taken into custody on November 28, 1959, because of his escape from the state penitentiary on November 26, 1959. On December 8, 1959, the burglary charge was filed and on that date defendant was taken before a magistrate. Defendant waived preliminary examination without counsel and was arraigned on January 12, 1960, at which time defendant stated he intended to get an attorney. On March 9, 1960 counsel was appointed and the trial began on April 25, 1960, resulting in conviction. No appeal was taken because the attorney unilaterally abandoned the appeal without defendant's consent.

On these findings the court, in its post conviction Order of March 6, 1972, concluded in essence that defendant had been denied no constitutional right regarding counsel, appearance before a magistrate, or preliminary examination. The court did, however, conclude defendant had been denied the right to appeal and that he should be allowed an appeal of his conviction.

Defendant has brought this appeal from the District Court's post conviction order pressing the allegations which were found to be without merit by that court. We are of the opinion the District Court's conclusions were based on competent evidence and that it committed no error in law. We pause to add that the failure to provide counsel for an indigent at preliminary examination is error, but that such error does not necessarily invalidate the conviction if it was harmless error beyond a reasonable doubt. McCraw v. State, Okl.Cr., 476 P.2d 370 (1970).

Accordingly, the District Court's judgment is hereby affirmed, and it shall proceed to facilitate the appeal of defendant's 1960 burglary conviction.

BUSSEY, P. J., concurs.