Phillip Edward **HAMBRICK,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–172.

Court of Criminal Appeals of Oklahoma.

May 13, 1975.

Tom Bingman, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Harold T. Garvin, Jr., Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Phillip Edward Hambrick, hereinafter referred to as defendant, was charged, tried and convicted, in the District Court, Okmulgee County, Case No. CRF–74–101, for the offense of Burglary, Second Degree, After Former Conviction of a Felony (21 O.S. § 1435). His punishment was fixed at a term of ten (10) years in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Frank Evans testified he was the owner of Evans Apco Station located at 1311 West Fourth Street in Okmulgee, Oklahoma. On July 2, 1974, when he opened his station he noticed "somebody had taken the screen off of the south window and it just opened the other window and just forced them open and went inside and stole some stuff." (Tr. 15) There were a number of cigarette cartons, loose packages of cigarettes, cigarette lighters and candy bars taken from the station. He testified he had given no one consent to enter his station or remove anything from it.

Paul E. Repsher, Jr. testified that he and the defendant burglarized the Evans Apco Station. He was 17 years old, had entered a plea of guilty to the charge of Burglary, Second Degree, and received a deferred sentence. He had known the defendant only a short time prior to this particular evening of July 11, 1974. He, one Delores Stout, and the defendant had attended a beer party at the Okmulgee Lake the evening of July 11, 1974. They returned to Delores Stout's house around midnight. After Delores had gone to bed, he and the defendant proceeded to Evans Apco Station, located approximately five blocks from Delores Stout's house. Upon arriving at the station, the defendant broke into the station while he stood outside and watched for the police. The defendant came out with a cardboard box full of cartons of cigarettes, loose packages of cigarettes, cigarette lighters, and candy bars. They immediately walked back to Delores Stout's house where they spent the night. Upon awakening the next day, they proceeded to the Warehouse Market on Seventh and Okmulgee Streets where he (Repsher) sold some of the cigarettes.

Delores Stout testified she owned the house in which the defendant and Repsher spent the night. She awoke the following day around noon and saw the cigarettes, cigarette lighters, and candy bars in a cardboard box in her house. Thereafter, all three went to the Warehouse Market where some of the cigarettes were sold. The defendant and Repsher gave her one of the cigarette lighters.

Thomas C. Johnson, an Okmulgee Police Officer, testified that on July 12, 1974, he was at the Warehouse Market when the defendant and Repsher sold the cigarettes. He observed the defendant taking cartons

of cigarettes out of a car outside the Warehouse Market.

The State then rested.

The sole defense witness was the defendant whose testimony was basically that he denied taking any part in the burglary of Evans Apco Station.

Defendant's previous felony convictions were stipulated to in the second stage of the trial.

Defendant's first proposition asserts that the trial court erred in allowing the preliminary magistrate to file a Nunc Pro Tunc order correcting the order binding the defendant over for trial.

The record reveals that the defendant was initially charged with the offense of Burglary, Second Degree, After Former Conviction of a Felony. Thereafter a preliminary hearing was conducted in the cause wherein two previous burglary convictions were proven by the State. The examining magistrate, through mistake or inadvertence, bound the defendant over for trial on the charge of Burglary, Second Degree. Thereafter, at arraignment, defendant entered his plea of not guilty to the charge of Burglary, Second Degree, After Former Conviction of a Felony. The day before trial the District Attorney noticed that the record reflected in the preliminary proceeding that the order binding the defendant over for trial was Burglary, Second Degree and not Burglary, Second Degree, After Former Conviction of a Felony. Thereafter, upon application for an order Nunc Pro Tunc by the State and over the objection by the defendant, the preliminary magistrate entered an order correcting the order binding defendant over for trial to reflect the charge of Burglary, Second Degree, After Former Conviction of a Felony.

We must reject defendant's first proposition for the following reasons. (1) When a defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or if one was held, any irregularities there-

in. See, Tuggle v. Page, Okl.Cr., 427 P.2d 439 (1967); Hinex v. State, Okl.Cr., 417 P.2d 339 (1966), and Pettigrew v. State, Okl.Cr., 430 P.2d 808 (1967). (2) Defendant has wholly failed to show that he was prejudiced in any of his substantial rights. See, Cotter v. State, 74 Okl.Cr. 304, 125 P.2d 777 (1942). Defendant could not contend surprise as the record reflects that on arraignment he knowingly entered a plea of not guilty to the charge of Burglary, Second Degree, After Former Conviction of a Felony. (3) Defendant cites no authority in support of this contention and when this is not done and it is apparent that defendant has been deprived of no fundamental right, this Court will not search the books for authorities to show that the trial court erred. See, Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

Defendant's second proposition asserts that the only evidence presented by the State connecting the defendant with the crime charged was the uncorroborated testimony of his alleged accomplice, Paul E. Repsher, Jr. Clearly, the law in this State states that a defendant may not be convicted on the uncorroborated testimony of an accomplice. It is also the law in this State that an accomplice's testimony need not be corroborated as to every material point. If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. See, Nation v. State, Okl.Cr., 478 P.2d 974 (1971) and Barber v. State, Okl.Cr., 388 P.2d 320 (1964).

After carefully reviewing the testimony of all the witnesses presented by the State in the instant case, we conclude that witness Paul E. Repsher, Jr.'s testimony was corroborated. We therefore find this proposition to be without merit.

Finding no error sufficient to warrant modification or reversal, it is our

opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and BLISS, J., concur.