Rosemary CLEEK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–770.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

PARKS, Judge:

The appellant, Rosemary Cleek, was tried by jury in Rogers County District Court, Case No. CRF–84–45, and convicted of Cruelty to Animals (21 O.S. 1981 § 1685), before the Honorable Edward D. Cardin, Associate District Judge. The jury set punishment at ninety (90) days. Judgment and Sentence was imposed in accordance with the jury's verdict, with sixty (60) days suspended on condition that appellant perform sixty (60) hours of community service work with the Animal Control Department of the City of Claremore. We reverse.

We find it unnecessary to recite the facts of this case, as we find that the preliminary hearing magistrate abused his discretion in determining that appellant was not indigent, thus depriving her of her constitutional right to counsel during the preliminary hearing.

The magistrate who conducted the preliminary hearing learned that appellant earned $4.00 per hour, and had been working as many as 36 to 40 hours per week in the near past at a job she had held for less than six months. She owned no vehicle, rented her house (from which she was evicted because she couldn't pay rent amounting to slightly over $200 per month), and had household goods valued at approximately $150. She was divorced, had two teen-aged children and received no support from the children's father. She had neither a telephone nor a bank account. After being denied counsel, appellant represented herself at the preliminary hearing.

■ The determination of indigency is within the discretion of the trial court. *Bruner v. State ex rel. District Court of Oklahoma County,* 581 P.2d 1314, 1316 (Okl.Cr.1978). But that discretion is not unbridled. A person's status as an indigent can change as the trial progresses, and this is always subject to review by the court. *Id.* Implicit in the possibility of this change of status is that an accused's financial status will change. The pauper's affidavit made after the preliminary hearing and at a pre-trial hearing showed that appellant's financial status had not changed; and yet, contrary to the magistrate's ruling on the same financial condition, the trial court found the appellant indigent.

■ From the above it is apparent that some confusion exists when making a determination that a person is indigent. This Court has previously said that there are "several factors" to be considered in determining who is financially unable or without adequate funds or resources to employ counsel, *McCraw v. State,* 476 P.2d 370, 372 (Okl.Cr.1970), but the Court did not elaborate on these factors. The *McCraw* Court merely said that "it is not necessary that one be destitute or on public relief to qualify for appointment of counsel." *Id.* We find other factors to be considered include the availability and convertibility of any personal or real property owned; outstanding debts and liabilities; the accused's past and present history; earning capacity and living expenses; the accused's credit standing in the community; family and dependents; and any other circumstances that may impair or enhance the ability to advance or secure such attorney's fees as would ordinarily be required to retain competent counsel. *See Morgan v. Rhay,* 78 Wash.2d 116, 470 P.2d 180, 182–83 (1970). Insofar as the record indicates that appellant's financial condition was virtually the same at the time of the preliminary hearing as at the pre-trial hearing when appellant was deemed indigent and counsel appointed, we hold that under the foregoing factors the magistrate abused his discretion in denying appellant counsel at the preliminary hearing.

Clearly, a defendant has a sixth amendment right to the assistance of counsel at

the preliminary hearing. *See Coleman v. Alabama,* 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970). The reason is obvious.

Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Id.* at 9, 90 S.Ct. at 2003.

 The *Coleman* Court did not reverse the conviction, however. It noted that the record did not reflect whether the defendant was prejudiced by the absence of counsel at the preliminary hearing, a proceeding not required under Alabama law. It therefore remanded the case back to the Alabama court to determine if this was one of those constitutional errors that "in the setting of a particular case are so unimportant and insignificant that they may ... be deemed harmless," *Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

We find that we do not have that option. Unlike Alabama, preliminary hearings in Oklahoma are required in felony proceedings. *Okla. Const.* Art. II, § 17. Therefore, the right to counsel is much more "critical" in this case than it was in *Coleman.*

We are aware that this Court in *McCraw* used the *Chapman* case to hold that denial of counsel at a preliminary hearing was "harmless error." *McCraw,* 476 P.2d at 374. However, the United States Supreme Court made it clear after *McCraw* that the "assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.' *Chapman v. California, supra,* 386 U.S. at 23, 87 S.Ct. at 827[–828 n. 8]." *Holloway v. Arkansas,* 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1977).

We find the later *Holloway* case makes it abundantly clear that there can be no harmless error when counsel is denied at a critical stage of a criminal proceeding. Since the preliminary hearing is required by Art. II, § 17 of the Oklahoma Constitution, in the absence of a valid waiver, we hold that it is a "critical stage" in our criminal process "at which the accused is 'as much entitled to such aid [of counsel] ... as at the trial itself.'" *Coleman, supra,* 399 U.S. at 10, 90 S.Ct. at 2003 (citing *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 60, 77 L.Ed.2d 158 (1932)). We find no waiver of that right here. Defendant moved to dismiss the information, giving among other reasons that she was denied her constitutional right to the assistance of counsel at the preliminary hearing.

In response to our colleague's dissent, we reply that the thrust of this case is *not* the *type* of felony involved. The proposition is that, in *all* felonies in Oklahoma, a preliminary hearing is required by Art. II, § 17 of the Oklahoma Constitution, in the absence of a valid waiver. As such, we interpret it as being a "critical stage" in our criminal process at which the federal constitution requires an attorney, if a defendant desires.

The dissent is correct in its statement that *Holloway* involves a death penalty case. But an examination of the cases on which *Holloway* is based reveals that the type of case involved is not the deciding factor. In *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), appellant was charged with breaking and

entering into a poolroom with the intent to commmit a misdemeanor, a felony under Florida law. *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), also cited in *Holloway*, does not support the dissent's position, but rather detracts from it. The Alabama Supreme Court had held that a defendant had a right under Alabama law to be represented by counsel at the time of arraignment, but further held that the denial of the right was harmless error. The Supreme Court held that arraignment was a critical stage of Alabama's proceedings, and failure to have an attorney at that stage warranted reversal, even though no prejudice was shown. *Id.* at 55, 82 S.Ct. at 159. The Court gave no indication that its decision would have been different had a murder charge not been involved. *White v. Maryland*, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) dealt with a preliminary hearing. The Court held that the preliminary hearing was a "critical stage in a criminal process, where rights are preserved or lost." *Id.*

Arguably, one could read both *White* and *Holloway* as being limited to the sixth amendment right to an attorney involving death penalty cases. However, such is not the point of our case. This Court is not empowered to interpret the federal constitution. But we *are* empowered to interpret the Oklahoma constitution. *Holloway* and cases cited therein are controlling only insofar as they establish a minimum level below which the states cannot fall. We are entitled to use federal cases for guidance in interpreting our state constitution, just as we would use other cases outside our jurisdiction. *Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983). We do so here.

Therefore, we hold that, under Art. II, § 17 of the Oklahoma Constitution, denial of court-appointed counsel to an indigent at a preliminary hearing, absent a valid waiver, violates a fundamental constitutional right not subject to the so-called "harmless error" doctrine. Therefore, *McCraw* is overruled to the extent that it conflicts with this opinion.

We are therefore forced to REVERSE and REMAND for proceedings not inconsistent with this opinion.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

The facts of this case reveal that appellant's dead Doberman Pinscher was found in a shed behind the house from which appellant had recently been evicted. The emaciated, malnourished dog was lying inside the shed, which was full of trash, with a rope around its neck which was tied to a metal clothesline pole. There was no food or water in the surrounding area. Appellant admitted that she owned the dog.

I am of the opinion that due to the overwhelming evidence of guilt presented at trial, the failure of the trial court to appoint counsel for the preliminary hearing did not prejudice appellant nor contribute to her conviction and is therefore harmless beyond a reasonable doubt. *McCraw v. State*, 476 P.2d 370, 374 (Okl.Cr.1970). The assertion of the majority that *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426, 437–38 (1977) holds that there can be no harmless error when counsel is denied at a critical stage of a criminal proceeding is erroneous. In *Holloway*, the Supreme Court held that, "Accordingly, when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital case, reversal is automatic." 435 U.S. at 489, 98 S.Ct. at 1181. The Supreme Court of the United States has never held that the harmless error doctrine does not apply to the failure to appoint counsel for an indigent defendant at preliminary hearing in a non-capital case. Since curelty to Animals is obviously not a capital offense, *McCraw v. State*, is still the law in this State and should not be overruled.

Although, in my opinion, failure to appoint counsel at a preliminary hearing for an indigent defendant in a non-capital case does not require automatic reversal, un-

questionably the better practice is for the trial court to appoint counsel for an indigent defendant prior to preliminary examination.

I would affirm the judgment and sentence.