**Gerry Dale SMALLWOOD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–274.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

Cindy Foley, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gerry Dale Smallwood, was convicted in the District Court of Oklahoma County, Case No. CRF–84–3241, of the crime of Robbery with Firearms After Former Conviction of Two or More Felonies. He was sentenced to thirty-five (35) years imprisonment and brings this appeal.

The facts disclosed by the record reveal that on July 6, 1984, a gas station in southeast Oklahoma City was robbed by a man using a gun. As the robber fled in his pickup, the gas station attendant fired two shots at him. One shot hit and shattered the rear windshield. The incident was reported to the police.

Shortly afterward, a police officer engaged appellant in a high speed chase on the basis of a vehicle description received over the radio. Appellant finally pulled to the side of the road and stopped. As the

officer approached appellant, appellant moved so that his hands were concealed. When appellant failed to comply with orders to bring his hands into view, the officer knocked him down and handcuffed him with the assistance of another officer. Appellant was arrested and given his *Miranda* warnings. Appellant confessed to the crime while riding in the police car, and once again after he arrived at the police station. At trial, he raised the defense of insanity.

In his first assignment, appellant claims that it was error for the trial court to overrule appellant's motion to suppress the confessions on the grounds that they were not voluntarily given. No question was raised here or at trial as to whether *Miranda* warnings were given. Rather, he relies on the fact that he was struck by the arresting officer and thereby knocked to the ground.

After the issue of voluntariness was raised in the trial court, an in camera hearing out of the presence of the jury was held in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). To justify his conduct, the arresting officer pointed out that appellant was the suspect of an armed robbery at the time of the encounter. Confronted with an uncooperative suspect who had moved to conceal his hands, the officer, who had a shotgun in his hands, relied upon his police training to be prepared for threatening movements by the suspect. When appellant neither moved nor cooperated, the officer followed police procedure in effecting a safe arrest with the minimum force needed by knocking appellant to the ground with the butt of his shotgun.

We agree with appellant that a conviction obtained on the basis of an involuntary confession cannot stand. *Jackson v. Denno, supra.* However, this is not such a case. The authorities on which he relies involve use or threats of physical abuse or promises of leniency to extract a confession from the accused, regardless of the truth of the confession. The confessions in this case were accompanied by neither. The record shows that the confession was "the product of an essentially free and unconstrained choice by its maker." *Schneckloth v. Bustamonte,* 412 U.S. 218, 225, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973). After considering the totality of the circumstances, we cannot say that the will of the appellant was overborne, and consequently we find no error. *Askrens v. State,* 746 P.2d 1154 (Okl.Cr.1987).

In his second assignment, appellant seeks reversal on the grounds that the trial court did not properly instruct the jury on the defense of insanity. Appellant requested that the instructions contained in OUJI–CR be given. The trial court marked them, "Given in part and refused in part," and gave its own formulation of the instructions. Although this did mark a departure from the procedure prescribed in 12 O.S. 1981, § 577.2, which requires that uniform instructions be used where applicable, we have reviewed the instructions given and find that they fairly and accurately state the applicable law.[1] *DeVooght v. State,* 722 P.2d 705 (Okl.Cr.1986). While there is a technical error, we find the error utterly harmless and the assignment patently frivolous.

In his third assignment, appellant claims that the State failed to produce sufficient evidence to prove his sanity beyond a reasonable doubt. If, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, then we will not disturb the verdict or

1. The trial court instructed the jury that,

    [I]f, after considering all the evidence in this case you believe beyond a reasonable doubt that the defendant committed the acts charged in the Information and that at that time the defendant knew the nature and consequences of his act *and* knew that it was wrong, and was able to distinguish between right and wrong as applied to said act, then in that event you would not be justified in finding him not guilty by reason of insanity. (Emphasis added.)

    Appellant claims that the use of the word "and" instead of "or" requires reversal. We note that if such a substitution has any effect at all, it increases the State's burden.

insufficiency of the evidence. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). The defense of insanity goes to the first element of the crime in this case; namely, that the taking be wrongful.

To support his defense of insanity, appellant called two psychiatrists and several lay witnesses. Their testimony, if believed, did rise to the level of creating a reasonable doubt of his sanity. However, the State presented sufficient testimony from its lay witnesses indicating that appellant fled the scene when additional customers arrived, that appellant tried to elude police when chased, and that appellant at all times appeared rational, coherent, and in control of his faculties. The fact that the State put on no expert of its own is not controlling. *See Bowers v. State,* 648 P.2d 835 (Okl.Cr. 1982). The weight and credibility to be given to the testimony of each witness lies solely within the province of the jury, and this assignment must fail.

In his next assignment of error, appellant claims that the trial court improperly allowed references to the pardon and parole system to be presented to the jury. During the second stage of trial, the State called the administrator of records for the Department of Corrections to prove appellant's prior felonies. In showing that appellant was under control of the Department within ten years prior to the pending charges, the administrator twice mentioned that appellant had been out on parole. As no objections were raised to either of these references, we can review this assignment for fundamental error only.

Appellant relies heavily on the case of *Jones v. State,* 554 P.2d 830 (Okl.Cr.1976). We note that in that case, the defendant raised a timely objection to the improper questions and arguments. Furthermore, we noted that under the facts of that case, a sentence of forty (40) years was so excessive as to shock the conscience of this Court, and we modified the sentence to twenty (20) years. In this case, no objections were raised. The facts and circumstances involved are not such as would make a sentence of thirty-five (35) years appear so excessive as to shock the conscience of this Court. It is improbable that the error complained of tended to cause the jury to enhance punishment to a greater or lesser extent, *see, Evans v. State,* 539 P.2d 744, 748 (Okl.Cr.1975), and certainly is not of such magnitude as to warrant modification where no objection was raised at trial. We do not hereby condone references to past paroles of a defendant, but the references in this case did not infect the fundamental fairness of the trial.

In his final assignment of error, appellant claims that the cumulative effect of the errors at trial warrants reversal or modification. We have found only one error, which we have deemed harmless and warrants neither reversal nor modification. Finding no merit to the appellant's other contentions, this assignment, too, must fail. *Hope v. State,* 732 P.2d 905, 908 (Okl.Cr. 1987).

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Oklahoma County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in result.