Mark Edward BRENNAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C–85–690.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1988.

Robert A. Ravitz, Public Defender, Oklahoma County, Tom R. Cornish, Oklahoma City, for appellant.

**1386**

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PER CURIAM:

Mark Edward Brennan pled guilty to the crime of Murder in the First Degree and Burglary in the First Degree in Oklahoma County District Court on August 21, 1985. On September 30, 1985, District Judge William S. Myers conducting a hearing to receive evidence of aggravating and mitigating factors, at the end of which formal sentencing was conducted. A sentence of ten years' imprisonment was imposed for the burglary, and the death penalty was assessed on the murder conviction. He now urges that a number of error occurred in the district court and that his conviction for First Degree Murder should be reversed or his death sentence modified to life. He does not question this Burglary conviction and sentence.

Appellant assigns as error the presence of television cameras in the courtroom during the sentencing hearing which were allowed to remain over his objection. The trial court ruled it was within the Court's discretion to allow them. Appellant contends that their presence violated 5 O.S. 1981, Ch. 1, App. 4, Canon 3(A)(7)(e), which provides:

> No photographing, or broadcasting by radio or television of any portion of any criminal proceeding, and continuing until the issues have been submitted to the jury for determination, *unless all accused persons who are on trial shall have affirmatively, on the record, given their consent to the photographing or broadcasting.* (Emphasis added.)

He contends he was prejudiced by the presence of the cameras because one witness changed her statement about appellant's drunkenness on the day of the offenses, and because it pressured the judge into imposing the death penalty.

■ This Court discussed the use of television cameras in the courtroom in *Kenne-*

*dy v. State*, 640 P.2d 971, 982 (Okl.Cr.1982), while discussing *Chandler v. Florida*, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981), stated that *Chandler* establishes that there is no per se constitutional rule which forbids electronic coverage of a courtroom trial. However, this Court then noted that the Oklahoma Supreme Court guidelines place positive obligations on trial judges to insure protection of the accused's fundamental rights to a fair trial. In the instant case, the situation is different to that found in *Kennedy* in that each witness was televised and all court personnel, the district attorney, the appellant and defense counsel were photographed. There is no doubt in this Court's mind, after considering this appeal on petition for rehearing, and the provisions of Oklahoma law and specifically the provisions of the statute governing the use of cameras in the courtroom that it was error to permit filming over the defendant's objection.

■ In his second assignment, appellant argues the trial court erred in refusing to admit a letter from Dr. Garcia, a psychiatrist at Eastern State Hospital, wherein Garcia opined that appellant, if released, would probably not pose a continuing threat to society. Although the record reflects that the trial judge was "aware" of Dr. Garcia's letter (M.Tr. Oct. 17, 1985, at 34), in view of his sustaining the State's objection to its inadmissibility, it cannot be said that he properly considered it. In reviewing United States Supreme Court decisions concerning the admission of mitigating evidence, we recently reiterated that, in capital cases, "any relevant, reliable mitigating evidence should be presented to the sentencer...." *Bromley v. State*, 757 P.2d 382, 386 (Okl.Cr.1988). The State does not claim the letter was unreliable or irrelevant, but instead submits no error occurred for two reasons: (1) the letter was not admissible under provisions of the Oklahoma Evidence Code; or (2) because similar evidence was presented by a defense psychiatrist, Dr. Short, who testified that his opinion that appellant did not con-

stitute a continuing threat to society was based in part on the records of Eastern State Hospital, such evidence was cumulative.

 A State cannot mechanistically apply its rules of evidence to exclude relevant and reliable evidence from the punishment phase of a capital trial. *See Green v. Georgia*, 442 U.S. 95, 97, 99 S.Ct. 2150, 2151, 60 L.Ed.2d 738 (1979). *Accord Dutton v. Brown*, 812 F.2d 593, 601 (10th Cir. 1987). Characterizing excluded mitigating evidence as cumulative and thus harmless, is implausible where the evidence the defendant was allowed to present was such that the sentencer would naturally discount it as self-serving, and the excluded evidence was from a more disinterested witness who would naturally be given greater weight. *Skipper v. South Carolina*, 476 U.S. 1, 6, 106 S.Ct. 1669, 1673, 90 L.Ed.2d 1 (1986). Arguably, the sentencing judge may have perceived Dr. Short as a hired gun favorably predisposed toward appellant, while Dr. Garcia, as a State employee, may have been perceived as more objective and thus more worthy of belief. We cannot confidently conclude that the improperly excluded mitigating evidence would have had no appreciable effect upon the sentencer, and therefore the sentence of death is invalid. *See id.*, 476 U.S. at 6–7, 106 S.Ct. at 1673; *Dutton*, 812 F.2d at 602. Because the crime occurred on November 7, 1984, resentencing is not available, and appellant's death sentence must be modified to life imprisonment. *See Bromley*, 757 P.2d at 388.

Because the death sentence must be modified to life imprisonment based on appellant's second assignment, it is unnecessary to address all of the remaining assignments relating to sentence only.

 In Proposition V, appellant claims his guilty plea was invalid because he was not given a preliminary hearing. On March 14, 1985, a preliminary hearing was held, over counsel's objection, after appellant had been returned from Eastern State Hospital but before he had a judicial determination of competence. 22 O.S.1981, § 1175.4. The jury deadlocked at the subsequent jury trial on his competency, and he was sent back to the hospital. When he was finally declared competent to stand trial, the Court ordered a preliminary hearing for August 20, 1985. On August 21, appellant pled guilty. Appellant waived his right to a preliminary hearing when he entered a plea. *See Hall v. State*, 698 P.2d 33 (Okl.Cr.1985). We find he was aware of this right, and that his attorney had filed written objections on this issue and the Court had ordered a preliminary hearing for the day before the entry of his plea.

 Finally, pursuant to the guidelines in *King v. State*, 553 P.2d 529, 535 (Okl.Cr. 1976), the trial judge was to determine "from the defendant that there [was] a factual basis for the plea of guilty...." The factual basis requirement enunciated in *King* would best be fulfilled if the trial judge would require the defendant "to state in his or her own words what happened." *Coyle v. State*, 706 P.2d 547, 548 (Okl.Cr.1985). Although the preferred *Coyle* procedure was not utilized here, appellant's pleading guilty to the facts as alleged in the Information was minimally sufficient. *See Davis v. State*, 704 P.2d 497, 499 (Okl.Cr.1985). *See also Henderson v. Morgan*, 426 U.S. 637, 651 n. 2, 96 S.Ct. 2253, 2260 n. 2, 49 L.Ed.2d 108 (1976).

After again carefully reviewing the record of proceedings before this Court on petition for rehearing, we are of the opinion that appellant's conviction should be modified from the death penalty to life imprisonment because of the violation of his rights as set forth herein. Therefore it is ordered that the Oklahoma County District Court and the Department of Corrections correct their records to reflect that appellant's sentence is modified to LIFE IMPRISONMENT.

Judge Hez J. Bussey filed his recusement in this appeal and the Honorable Gordon R. Melson, District Judge for Judicial

District 22, was appointed to sit in his stead.

BRETT, P.J., and PARKS and MELSON, JJ., concur.