2002 OK CR 10

**Louis Harold NORTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–2000–1359.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 2002.

Eric R. Jones, Ardmore, OK, Attorney for Defendant at trial.

Gary R. Brown, Assistant District Attorney, Sulphur, OK, Attorney for the State at trial.

S. Gail Gunning, Indigent Defense System, Norman, OK, Attorney for Appellant on appeal.

Diane L. Slayton, Assistant Attorney General, Oklahoma City, OK, Attorney for the State on appeal.

### OPINION

JOHNSON, Vice–Presiding Judge:

¶ 1 Appellant, Louis Norton, was charged in Love County District Court, Case No. CF–2000–17, with Knowingly Concealing Stolen Property (21 O.S.Supp.1999, § 1713). Preliminary hearing was held before the Honorable Charles Roberts, Associate District Judge. Appellant was bound over for jury trial before the Honorable John H. Scaggs, District Judge. Appellant was represented by counsel at trial. The jury found Appellant guilty and recommended a sentence of three years and six months imprisonment and a $500.00 fine. The trial court sentenced Appellant in accordance with the jury's recommendation, and Appellant timely lodged this appeal.

¶ 2 On February 7, 2000, two Oklahoma Department of Transportation (ODOT) buildings in Love County were burglarized and a number of tools were stolen. Two men, Gary Gilbert and Derek Mertz, subsequently confessed that they had committed the burglaries. The men told the police that they had sold several of the stolen tools to Appellant, and that Appellant was told the items were stolen. An ODOT supervisor drove to Denton, Texas, where Appellant's flea-market booth was located, and discovered several tools that had been taken in the ODOT burglary. The tools had ODOT serial numbers engraved on them for identification and inventory purposes. Appellant voluntarily discussed the matter with police and gave them other tools that he had bought from Gilbert

and Mertz. He denied knowing the items were stolen.

¶ 3 At trial, Gilbert and Mertz testified that they sold the stolen tools to Appellant and told Appellant the items were stolen, in hopes that he would take them out of state as soon as possible. Appellant testified in his own defense, maintaining that he did not know the items were stolen. In rebuttal, the State presented testimony that Appellant had a poor reputation in the community for veracity. The jury found Appellant guilty of Knowingly Concealing Stolen Property.

¶ 4 Appellant raises two issues on appeal. First, he claims that because he was denied counsel at his preliminary hearing, he is entitled to a reversal of his conviction. The State responds that Appellant has waived any error by failing to raise the issue at arraignment, which would have given the district court an opportunity to address the situation.

¶ 5 We must first determine whether Appellant was "denied" his right to counsel at preliminary hearing, or made a voluntary and intelligent waiver of that right. The colloquy between Appellant and the preliminary hearing magistrate is brief. When asked if he intended to represent himself, Appellant stated that he did not have money for a lawyer, and further commented that he would not accept any court-appointed lawyer "from this area" that the court might supply him. When asked again if he intended to proceed *pro se*, Appellant replied, "Well," and the magistrate then invited the State to present its first witness.

¶ 6 There is, however, additional record evidence that Appellant was advised of his right to counsel. According to the minutes of Appellant's initial appearance, several weeks before preliminary hearing, Appellant was advised that he should either have retained counsel file an entry of appearance, or file an application for appointed counsel, by March 24, 2000. Otherwise, according to the minute, "the Court will interpret [Appellant's] action as an election to represent himself and will proceed with the Preliminary Hearing absent a showing of the [Appellant]

that [the] failure [was] unavoidable."[1] There is no indication in the record that Appellant ever attempted to seek counsel, retained or appointed, before preliminary hearing.[2]

¶ 7 A defendant's right to counsel is guaranteed by both the federal and state constitutions. U.S. Const. Amend. VI; Okla. Const. art. 2, § 20. That right may be waived if done knowingly and voluntarily, but waiver will not be lightly presumed, and the court must indulge every reasonable presumption against waiver. *Lineberry v. State,* 1983 OK CR 115, ¶ 3, 668 P.2d 1144, 1145.

¶ 8 Despite record evidence that Appellant was advised, well in advance of preliminary hearing, that his right to counsel depended upon his affirmative responsibility to seek counsel (whether by hiring one or applying for one), we find the totality of the record insufficient to conclude that Appellant knowingly, voluntarily, and intelligently waived his right to counsel at preliminary hearing. The accused has a responsibility to seek counsel promptly, either by retaining a lawyer or applying for court-appointed counsel. An accused cannot use the lack of counsel as a delay tactic. *Colbert v. State,* 1986 OK CR 15, ¶ 8, 714 P.2d 209, 211, *cert. denied,* 479 U.S. 838, 107 S.Ct. 140, 93 L.Ed.2d 83 (1986). The lower court's advice and warnings at initial appearance were entirely appropriate. But without a more developed colloquy with Appellant, either at the initial appearance or preliminary hearing, we cannot conclude that his *pro se* appearance at preliminary hearing was a voluntary choice. *See also Rankin v. State,* 1966 OK CR 2, ¶ 10, 409 P.2d 641, 644 (defendant's statement to district judge one month before preliminary hearing, that he did not desire court-appointed counsel, was not a sufficient waiver of the right to counsel).

¶ 9 We must now consider whether the lack of counsel at preliminary hearing requires reversal. An accused is entitled to counsel at any critical stage of a criminal proceeding, including preliminary hearing. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In *Coleman,* the State of Alabama had argued that preliminary hearing was not a "critical stage" of criminal proceedings in that state, because the state could have elected to prosecute by indictment rather than information, in which case the defendant would not have been entitled to a preliminary hearing. The Supreme Court held that even if the hearing was not mandatory under Alabama procedure, it was important enough to be considered a "critical stage." Nevertheless, the Court remanded the case to the state court to determine whether the error was harmless under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Coleman,* 399 U.S. at 11, 90 S.Ct. at 2004. This Court has recognized that denial of counsel at preliminary hearing is one of a number of constitutional errors that may, in proper circumstances, be deemed harmless beyond a reasonable doubt. *Bartell v. State,* 1994 OK CR 59, ¶ 17 & n. 6, 881 P.2d 92, 98 & n. 6.

¶ 10 Appellant cites *Cleek v. State,* 1987 OK CR 278, 748 P.2d 39, as authority for conclusion that denial of counsel at preliminary hearing requires automatic reversal of the conviction, without any showing of prejudice. In *Cleek,* the defendant appeared without counsel at preliminary hearing. Despite evidence that the defendant was indigent, the magistrate denied appointed counsel and the defendant was forced to represent herself at the hearing. It is not clear from the opinion whether the defendant was informed of how

---

1. According to the minute, Appellant was also advised of (1) the right and purpose of preliminary hearing, (2) the right against self-incrimination, (3) the right to retained counsel, (4) the right to appointed counsel on a finding of indigency, (5) the right to a jury or bench trial if bound over, (6) the right to post bond, and (7) the minimum and maximum sentences for the offense. The minute indicates Appellant did not, at that time, waive his right to counsel.

2. Because neither party challenges the accuracy of the minute order, this Court presumes that the minute order accurately reflects what occurred at the initial appearance. *Burleigh v. Raines,* 1961 OK CR 16, ¶ 5, 359 P.2d 340, 342 (the records of the trial court are presumed to be true and correct unless the contrary is established by competent proof); *Burchfield v. State,* 85 Okl.Cr. 415, 419, 188 P.2d 392, 394 (1947) (in the absence of a contrary showing, there is a presumption as to the regularity of proceedings in courts of record).

to apply for counsel in advance of the hearing. The defendant was later appointed counsel based on the same information she had provided to the examining magistrate. On appeal, this Court held that the defendant had presented sufficient evidence at the preliminary hearing to entitle her to appointed counsel, and therefore, that she was denied her right to counsel at the hearing. *Id.* at ¶ 5, 748 P.2d at 40.

¶ 11 But a majority of this Court went on in *Cleek* to conclude that the denial of counsel at preliminary hearing can never be harmless error. The majority distinguished *Coleman*, reasoning that because preliminary hearings are provided for in our state constitution, they are a "much more 'critical'" stage than they were in *Coleman. Cleek, id.* at ¶ 8, 748 P.2d at 41. This conclusion does not give full consideration to the Supreme Court's holding in *Coleman* that denial of counsel can be harmless error even though the preliminary hearing is a critical stage of the process.[3] With respect to *Cleek's* characterization of the Oklahoma preliminary hearing as 'more critical' than was the case in *Coleman,* we note that while the preliminary hearing is guaranteed by our state constitution, at least in cases prosecuted by information, our legislature has seen fit, in the years since *Cleek* was decided, to enact a Criminal Discovery Code and, at the same time, to sharply curtail the use of preliminary hearings as a discovery forum. *See* 22 O.S.Supp.1994, §§ 258, 2001–2002.

■ ¶ 12 We further note that the right to a preliminary hearing itself can be waived

by failure to object. *Sadler v. State*, 1993 OK CR 2, ¶¶ 41–42, 846 P.2d 377, 386 (defendant waived preliminary hearing on amended information by failing to object); *Berry v. State*, 1992 OK CR 41, ¶¶ 9–10, 834 P.2d 1002, 1004–05 (error in failure to remand for preliminary hearing on prior convictions used for sentence enhancement was waived by failure to object); *Brennan v. State*, 1988 OK CR 297, ¶ 7, 766 P.2d 1385, 1387 (defendant waived right to preliminary hearing by pleading guilty); *Hambrick v. State*, 1975 OK CR 86, ¶ 11, 535 P.2d 703, 705 (a plea on the merits operates as a waiver of preliminary hearing). Clearly, the right to a preliminary hearing at all is no less important than the right to counsel at that hearing. If denial of the former can be waived by a failure to object, it makes little practical sense to hold that denial of the latter requires reversal, without either a timely objection or a showing of prejudice. We therefore hold, consistent with the Supreme Court's decision in *Coleman,*[4] that the denial of counsel at preliminary hearing is subject to harmless-error review. To the extent it conflicts with this decision, *Cleek* is hereby overruled.[5]

■ ¶ 13 Finally, we determine whether the denial of counsel at preliminary hearing was harmless beyond a reasonable doubt in this case. Appellant briefly had private counsel after bindover to the district court, and then obtained appointed counsel promptly after making application therefor. Discovery motions were filed and apparently fulfilled to the parties' satisfaction. Although

---

3. The two-judge majority in *Cleek* relied on *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) for the proposition that denial of counsel at a critical stage of the proceedings cannot be harmless. However, as Judge Bussey points out in his dissent in *Cleek*, *Holloway* was a capital case, and the holding is expressly limited to capital cases. *Cleek's* majority analysis fails to recognize that even in *Coleman*, the Supreme Court concluded that the preliminary hearing was, indeed, a "critical stage" of the Alabama criminal proceedings. But that label did not prevent the Court from remanding the case for harmless-error consideration. In direct response to Judge Bussey's dissent, the majority in *Cleek* ends with the decision to base the reversible-*per-se* conclusion on *state* constitutional grounds, not federal ones.

4. *See also Moses v. Helgemoe*, 562 F.2d 62, 63–64 (1st Cir.1976); *Thomas v. Kemp*, 796 F.2d 1322, 1326–27 (11th Cir.) (denial of counsel at preliminary hearing held to be harmless), *cert. denied*, 479 U.S. 996, 107 S.Ct. 602, 93 L.Ed.2d 601 (1986). Two Supreme Court Justices dissented to the denial of *certiorari* in *Thomas*, asserting that because *Thomas* was a capital case, *Holloway*, not *Coleman*, controlled, and harmless-error analysis was not appropriate.

5. In so holding, we note that prior to *Cleek*, this Court applied harmless-error review in this context. *See Williams v. State*, 1972 OK CR 305, ¶ 6, 503 P.2d 568, 569; *McCraw v. State*, 1970 OK CR 155, ¶ 10, 476 P.2d 370, 373. *McCraw* was overruled on this point in *Cleek*. Our decision today thus revives that aspect of *McCraw*.

pretrial motions were filed by the defense and entertained by the court, neither attorney moved to have the case remanded for a new preliminary hearing. Appointed counsel had over three months before trial to consider the status of the case and file any objection, which he did not. No prejudice is alleged by counsel during the trial, and no prejudice is alleged by appellate counsel on appeal.

¶ 14 A transcript of the preliminary hearing is included in the appeal record. The testimony at the preliminary hearing consisted of the ODOT superintendent who saw the stolen tools at Appellant's flea market stall, and the police officer who interviewed Appellant in a voluntary, non-custodial setting, wherein Appellant admitted buying the tools from Gilbert and Mertz, but denied knowledge that the property was stolen. Both of these witnesses testified at trial, but neither was impeached with his preliminary hearing testimony.

¶ 15 Considering all of these circumstances, we conclude that the denial of counsel at Appellant's preliminary hearing was harmless beyond a reasonable doubt. We emphasize, however, that the right to counsel is fundamental to ensuring the protection of practically every other constitutional right of the accused. Just as a waiver of counsel should not be easily presumed, the absence of counsel at preliminary hearing will not be harmless in every case. We encourage magistrates of the district courts to indulge every presumption against waiver, and to ensure that a record is made of advice to the accused on the right to counsel, warnings of the consequences of inaction, and the accused's understanding of the same. Proposition 1 is denied.

¶ 16 Appellant's second and final proposition of error is that the trial court's instructions to the jury erroneously contained a definition for the term "possession." The elements of the charged offense, Knowingly Concealing Stolen Property, are (1) concealing or withholding, (2) stolen, embezzled, or feloniously obtained personal property, (3) from the owner or other person having possessory rights, (4) which the defendant knew, believed, or had reasonable cause to believe was stolen, embezzled, or feloniously obtained, (5) with the intent to permanently deprive the rightful owner of the property. 21 O.S.1991, § 1713; Instruction No. 5–113, OUJI–CR (2nd) (2000). "Possession" *per se* is not an element of the offense, although the definition of "concealing" includes "hiding or secreting to prevent discovery," which arguably requires either actual or constructive possession of the property. Instruction No. 5–114, OUJI–CR (2nd) (2000). The crux of Appellant's argument is that the definition of "possession" misled the jury into believing that mere possession of stolen property was sufficient for a conviction.

¶ 17 In reviewing a challenge to jury instructions, this Court considers whether the instructions as a whole fairly and accurately state the law. *Fontenot v. State*, 1994 OK CR 42, ¶ 55, 881 P.2d 69, 84–85. A deviation from the uniform instructions does not warrant reversal unless such error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. *Id.* Furthermore, because trial counsel failed to object to the jury instruction, we review only for plain error. *Trice v. State*, 1993 OK CR 19, ¶ 28, 853 P.2d 203, 213, *cert. denied*, 510 U.S. 1025, 114 S.Ct. 638, 126 L.Ed.2d 597.

¶ 18 The jury instructions clearly laid out all of the elements of the offense. The jury was clearly informed that in order to convict, it had to be convinced Appellant knew, or had reasonable cause to believe, that the property was stolen. "Possession" was not enumerated as an element of the offense, and the superfluous definition of that term was, in our view, a harmless technical error since the instructions, as a whole, accurately stated the applicable law. *See Smallwood v. State*, 1988 OK CR 233, ¶ 7, 763 P.2d 142, 144. Proposition 2 is therefore denied.

### DECISION

¶ 19 The Judgment and Sentence of the district court is **AFFIRMED.**

LUMPKIN, P.J., and STRUBHAR, and LILE, JJ., concur.

CHAPEL, J., dissents.

CHAPEL, J., Dissenting:

¶ 1 In 1987 this Court considered whether denial of counsel at preliminary hearing could be harmless error. In *Cleek v. State*,[1] we determined that, as the Oklahoma constitution provides for preliminary hearing, this was a critical stage of trial and a defendant must be afforded counsel. We considered the corresponding United States Supreme Court case law holding a denial of counsel potentially harmless,[2] and determined that the provisions of our state constitution differed significantly enough to compel a different result. We decided that, under the Oklahoma constitution, denial of counsel at preliminary hearing was reversible error.[3] Although nothing has changed in the intervening years, the majority proposes we revisit *Cleek* and reach the opposite conclusion.

¶ 2 I believe *Cleek* is correctly decided on state constitutional grounds. I see no inconsistency in saying that a defendant may not be denied counsel at preliminary hearing, but may waive preliminary hearing under certain circumstances. Indeed, one may waive counsel at preliminary hearing. However, a defendant's choice to waive either counsel or preliminary hearing itself cannot be compared to denial of the right to representation at a critical stage of criminal proceedings. I might go along with an argument that Norton waived his right to counsel, but the majority finds no waiver, and I will not disagree. In that case I think reversal is required.

---

**1.** 1987 OK CR 278, 748 P.2d 39.

**2.** *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

